POYER, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 13—April 7, 1942.*

338

The cause was submitted for the plaintiff in error on the brief of *Alex Soroka* of Superior and *Henry Paull* of Duluth,

Minnesota, and for the defendant in error on the brief of the *Attorney General, William A. Platz,* assistant attorney general, and *Clarence V. Olson,* district attorney of Ashland county.

WICKHEM, J. The sole question in this case is whether the place involved constituted a highway within the meaning of sec. 85.30, Stats. The following are the facts, which were not in dispute:

Defendant resides in Ashland, at the corner of Twelfth avenue and Third street. Complaining witness lived on Third street just west of defendant's residence. The latter had owned an automobile for some five years and kept it in a garage at the rear of her residence. This garage had access to Twelfth avenue by an alley which ran from the avenue west across the rear of defendant's and complaining witness' premises, and ultimately intersected a north-and-south alley running through the middle of the block from Third to Fourth street. There was a dispute whether the east-and-west alley was a public alley, but at any rate, it had been used for many years by delivery wagons as well as by the complaining witness.

Twelfth avenue is sixty-six feet wide from property line to property line. The paved part of the street is about thirty feet wide, and there is no curbing. There is a sidewalk six feet wide, which runs about two feet from the property line and between the sidewalk and the pavement roadway is a boulevard and a ditch. The entrance to the east-and-west alley is paved in the same way as the street. This paved entrance to the alley crosses the ditch over a pipe culvert, the center of which is seventeen feet from the property line and sixteen feet from the center of the street. All of the entrance to the alley from the paved roadway to a point two feet beyond the sidewalk lies within Twelfth avenue as dedicated.

Defendant and complaining witness had a dispute as to the right of the latter to use the alley, and this had given rise

to an action by complaining witness, resulting in an injunction issued September 23, 1939, restraining defendant from closing or obstructing it. On August 4, 1940, defendant broke a glass bottle on the entrance to the alley at a point between the culvert and the sidewalk.

Defendant concededly did this to prevent complaining witness from using the alley, and the sole question is whether the portion of the alley where the glass was broken and scattered is a public alley. It was within the exterior limits of Twelfth avenue as laid out and dedicated on the plat. Sec. 85.10 (21), Stats. 1939, provides:

"(a) A highway is every way or place of whatever nature open to the use of the public as a matter of right for the purposes of vehicular travel. . . .

"(e) Roadway is that portion of a highway between the regularly established curb lines or that portion which is commonly used by vehicular traffic."

Under this section the term "highway" is a broader term than "roadway" and it includes at least such portions of the space dedicated for use as a public highway as are open to the use by the public as a matter of right for vehicular traffic. No doubt, where there is an established curb line, and the space between this and the property line is maintained as a lawn or garden, the portion so maintained is not open to the public for vehicular travel. But where a portion of the highway between the roadway and the property line is paved and available for vehicular travel, this is certainly a part of the highway. Vehicles may use this for the purpose of making turns and other maneuvers incident to the use of the roadway or for access to the east-and-west alley which certainly somebody must have the right to use. We are cited to no authority against this view and we consider it so obviously sound as not to warrant an extended discussion.

*By the Court.*—Judgment affirmed.