PANZER, Respondent, vs. HESSE and another, Appellants.

*September 12—October 22, 1946.*

For the appellants there was a brief by *Aberg, Bell, Blake & Conrad,* and oral argument by *W. J. P. Aberg* and *Carroll Metzner,* all of Madison.

For the respondent there was a brief by *Hall & Griffith* of Madison, and oral argument by *Laurence W. Hall.*

WICKHEM, J.   This is a case where a pedestrian on a country highway was struck by an automobile going in the same direction that he was proceeding.   Defendants contend that there is no evidence to sustain the jury's finding of negligence; that the evidence conclusively demonstrates that plain-

tiff was negligent and that his negligence is equal to that of defendant Hesse. There are also contentions that the damages are excessive and that procedural errors require the granting of a new trial. The nature of these contentions requires a statement of facts in some detail.

The accident occurred at 8 o'clock on the evening of March 1, 1945, on a road just west of Madison. This road is known as the "Old Middleton Road," and had been the principal route from Madison to Middleton until the building of a new and relocated state highway. The road runs east and west and is straight for a considerable distance in the vicinity of the accident. The road was paved with concrete, the paved portion being eighteen feet wide. There is a shoulder extending north from the north edge of the concrete pavement and having an average width of eleven feet and surfaced with gravel. In the vicinity of the accident, however, there are several guard posts located about six feet from the north edge of the paved road. The edges of the road were covered with black-top in such a way as to make the outside lines of the road somewhat irregular. Defendant Eileen Hesse was driving a sedan in a westerly direction on this road. It was raining and the night was dark. She testified that as she reached a point near Elmer's tavern, which was on the north side of the road, she was blinded by the lights of an approaching car. She claims that she reduced her speed but denied that she swerved from her course. As the other car passed her she felt an impact, stopped her car immediately, and came to a stop across from the home of Joseph Reis. Mrs. Reis was the daughter of plaintiff and he resided there. It appears that plaintiff had come home from work, found nothing to eat, crossed the road to Elmer's tavern and had a lunch. After leaving the tavern he walked west on the north shoulder and had gone about forty-five feet when he was hit. He claims that he was walking on the gravel

two feet or more off the cement portion of the highway. He did not look back after he started out from the tavern. Defendant Hesse's testimony is to the effect that after she stopped, plaintiff was lying on the concrete with his head toward the center of the road. Thorhaug, the proprietor of the tavern, who was called on for help, claims that plaintiff was lying off the road near or in an adjoining ditch, and that he carried him to the concrete. All of the occupants of the car testified that they saw nothing in the road; that defendant Hesse's car did not swerve; and that it was stopped immediately after the impact. Defendants claim that due to the blinding of the lights and the character of the night defendant Hesse was not negligent in failing to see plaintiff, and that there is no evidence of negligent control, but these contentions cannot be sustained.

The jury was warranted in finding, (1) that an adequate lookout would have disclosed plaintiff's presence on the concrete or gravel; (2) that defendant should have stopped her car when blinded; and (3) that plaintiff was on the gravel shoulder and that defendant Hesse must have swerved to hit him. We conclude that there was a jury question as to defendant Hesse's negligence.

The important question in this case arises out of defendants' contention that plaintiff was, as a matter of law, negligent in walking on the right side of the highway. Defendants claim that the evidence conclusively shows that plaintiff was walking on the concrete, but this contention cannot be sustained. Plaintiff testified otherwise and there is supporting evidence from which the jury could find that plaintiff was walking upon the shoulder when struck by defendant Hesse's car. Sec. 85.44 (6), Stats., reads as follows:

"Pedestrians using those highways not provided with sidewalks shall travel on and along the left side of such highway and the pedestrian, upon meeting a vehicle shall, if practicable, step off the traveled roadway."

In *Poyer v. State,* 240 Wis. 337, 340, 3 N. W. (2d) 369, this court said:

"The term 'highway' is a broader term than 'roadway' and it includes at least such portions of the space dedicated for use as a public highway as are open to the use by the public as a matter of right for vehicular traffic."

On the basis of the foregoing, defendants claim that the gravel shoulder is a portion of the highway; that sec. 85.44 (6), Stats., made it plaintiff's duty to walk on the other side of the road, and that since the section is a safety statute, his failure so to do made him guilty of negligence as a matter of law. It is contended, also, that his violation of the statute, , taken in connection with the fact that he concededly never looked back, makes his negligence equal to or greater than that of defendant.

We conclude that a pedestrian, assuming to walk upon a portion of the highway open to vehicular traffic, must walk upon the left side of the highway in accordance with the direction of the statute or be found guilty of negligence as a matter of law. In *Leckwe v. Ritter,* 207 Wis. 333, 337, 241 N. W. 339, this court casts some doubt upon this by the following statement:

"We have grave doubts as to whether the legislature intended to require a pedestrian walking along a narrow one-track country highway to travel only along the left side thereof, with the incidental consequence that a pedestrian not so traveling would be guilty of a want of ordinary care as a matter of law even though run down by an automobile approaching from the rear."

In *Wiese v. Polzer,* 212 Wis. 337, 248 N. W. 113, it was said, however, that the statement in the *Leckwe Case, supra,* must be taken in connection with the facts there involved. The court in the *Wiese Case* stated that a country road might be so narrow that an automobile could not pass a pedestrian either

on the left or right of the center line, and that in such case the element lacking might be proximate causation. In other words, that on a single-track road where the pedestrian could not occupy any portion of the highway without being in as much danger from the front as from the rear, the statute might not be applicable or, if it was, there might be no causal connection between the negligence and the injury. In *Hanson v. Matas,* 212 Wis. 275, 249 N. W. 505, the court entirely repudiated the statement in the *Leckwe Case, supra,* and held that narrow country roads are within the purview of the statute and that there is even more reason for its application there because on wider roads the driver of the car has greater opportunity to avoid an accident. The rule therefore is that the pedestrian must walk on the left side of the highway, whether the road be wide or narrow, and whether this increases or diminishes the danger to the pedestrian; that violation of the statute is negligence as a matter of law, and if there is a causal relation between the negligence and the injury, the negligence must be compared with any negligence found against defendant.

None of the foregoing cases, however, considered the question as to what constitutes the "highway" for the purposes of sec. 85.44 (6), Stats. Plaintiff cites *Kamiński v. Standard Oil Co.* 231 Wis. 582, 585, 286 N. W. 327, which gives more than considerable color to his contention that the statute applies only to the usually traveled portion of the highway and not to the highway as defined in the *Poyer Case, supra,* which, of course, would include the shoulder. In the *Kaminski Case* plaintiff was walking on the shoulder of a three-lane highway in broad daylight. She was walking arm in arm with a girl who was actually on the concrete highway. Defendant's truck struck the companion who was thrown against plaintiff. Defendant did not contend that plaintiff was negligent in walking upon the shoulder, but rather that the negligence of her

companion should be imputed to her. In disposing of this contention this court said:

"Those contentions cannot be sustained. As the latter was walking entirely on the shoulder there was no negligence on her own part in walking there. Likewise it cannot be held that the evidence necessitated finding her guilty of contributory negligence in not maintaining a lookout to avoid injury by vehicles traveling on the concrete roadway."

Thus, for the purpose of dealing with another contention, we assumed without discussion a matter conceded by defendants, namely, that sec. 85.44 (6), Stats., had no application to a pedestrian walking on the shoulder. We are satisfied that this is not a correct interpretation of sec. 85.44 (6). The statute is a very important safety measure. It is designed to compel a pedestrian to face the traffic most likely to endanger him, thus increasing his opportunities for lookout and the likelihood that approaching traffic will be seen and avoided. The statute refers to the highway, and it is our view that it was the legislative purpose to apply the requirements to those portions of the highway which are open to use by vehicular traffic. That the gravel shoulder is open to such use by vehicular traffic as far as the guard posts is beyond question, and plaintiff's duty under the section was not discharged by staying off the concrete. He was negligent as a matter of law.

Plaintiff's failure to look to the rear not only is an independent ground of negligence, but also bears importantly, (1) upon the proximate relation of his violation of the statute to the injury; and (2) upon the degree of his negligence. A pedestrian walking backward upon the right side of the highway and maintaining a constant lookout is negligent as a matter of law as to his place on the highway, but such precautions might require a holding that the violation did not cause the injury. The more frequent the lookout, the less the negli-

gence, or its contribution to the injury, and it is proper to take into account the width of the highway, the volume of traffic, the time of day, and other relevant factors. There is no point in this case in trying to appraise all of these matters. Plaintiff was walking on the wrong side of the highway. He took no observation to the rear and he was struck. As a matter of law, he was negligent, both as to lookout and position on the highway, and at least in combination these defaults were causal.

Defendants contend that as a matter of law the negligence of plaintiff is equal to or greater than that of defendant, but we are of the view that there is no adequate measuring stick by which this court can so decide as a matter of law. This conclusion requires a reversal and a remand of the cause for a new trial. In view of this, we see no purpose in discussing any of the procedural errors that are urged by defendant.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.