BENDORF, Special Administrator, and another, Appellants, v. CITY OF DARLINGTON, Respondent.

*June 7—July 1, 1966.*

572

For the appellants there was a brief by *McDaniel & Reinoehl* and *Frank D. Hamilton,* attorneys, and *Roger J. Mueller* of counsel, all of Dodgeville, and oral argument by *Mr. D. F. Reinoehl* and *Mr. Mueller.*

For the respondent there was a brief by *Roberts, Boardman, Suhr & Curry,* and oral argument by *Kenneth T. McCormick, Jr.,* all of Madison.

BEILFUSS, J.   The plaintiffs contend that it was error to grant summary judgment dismissing the action as to the city of Darlington because there was an issue of fact as to (1) whether the barrier was erected on a part of a state highway, and (2) whether the barrier was erected and maintained "in such manner as shall most effectively safeguard the children from accidents."   The plaintiffs

also assert that the statute does not grant immunity to the city as distinguished from the members of the council.

The statute clearly provides that a city or village may set aside and barricade streets "that are not a part of any federal, state or county trunk highway system" for children's play purposes.

The plaintiffs claim that the barrier was within the limits of state Highway 23 and, therefore, in violation of the statute.

A diagrammatic sketch or plat of the area in question is reproduced as a part of the opinion. The plat depicts the intersection of Main and Harriet streets, the platted width of the streets, the curblines, the parkway or tree banks, the sidewalks, and the location of the barrier (indicated therein as "cable.")

Main street runs north and south, Harriet street east and west. Highway 23 enters Darlington from the south and runs north on Main street until it reaches the intersection of Main and Harriet streets. Highway 23 then turns to the left and runs west on Harriet street. Harriet street east of the intersection is not a federal, state or county highway. The barrier was erected east of the curbline of Main street but west of the sidewalk. The property line for Main street was slightly east of the sidewalk. Thus the barrier was not in the traveled portion of Main street but was located within the area dedicated for highway purposes.

In support of the contention that the barrier was on the highway, plaintiffs cite *Poyer v. State* (1942), 240 Wis. 337, 3 N. W. (2d) 369. That case involved the violation of a statute prohibiting placing *upon a highway* any foreign material which might be injurious to an automobile. The court found that portion of an alley lying within the property lines of the highway to constitute part of the highway. Defendant had intentionally placed broken glass on the entrance to the alley between the roadway and the sidewalk to prevent or discourage the use of the alley.

However, in the case at bar the statute permits blocking off streets "that are not a part of any federal, state or county trunk highway system, . . ." The question is not so much where the barrier is erected but whether the street blocked off is a part of a federal, state or county trunk highway system.

In this regard *Poyer* is readily distinguishable, as the statute there prohibited placing matter *on* the highway. Here the statute prohibits the blocking off of a street that is a part of a highway system. It does not prohibit placing parts of the barrier within the limits of the land dedicated as a city street, so long as the highway is not obstructed.

Several of plaintiffs' affidavits state or imply that the barrier was constructed on property that was theoretically part of a state highway. Nowhere do plaintiffs claim that the barrier blocked off a street that was a part of a federal, state or county trunk highway system.

The language of the statute is clear enough, and it also is clear enough that there was no violation. The exception in the statute is to prevent a city or village from obstructing the flow of traffic on federal, state or county roads. The city or village may barricade only its own streets. That is what was done here. Main street was not obstructed. Harriet street east of the intersection is not a part of the state trunk highway system. The accident occurred after the motorcycle had turned east into Harriet street. The barricade in no way interfered with the flow of traffic or the normal use of Highway 23.

When the legislature used the term "highway system" it must have meant it as it used that term in sec. 84.02 (11), Stats.: "The state trunk highway system shall include the routes thereof in or through cities and villages . . . ." No routes were blocked off here.

We conclude that the city of Darlington did not barricade a part of a federal, state or county trunk highway system, and that the obstruction of east Harriet street was permissible under sec. 66.046, Stats.

Plaintiffs claim a second violation of the statute. They argue that the barrier was not constructed and maintained "in such manner as shall most effectively safeguard the children from accidents."

Here the decedent was not one of the schoolchildren at play for whose protection the barrier was erected. Any reference to this language of the statute is irrelevant because decedent was not within the class of persons protected by the statute.

The plaintiffs' final contention is that the statute grants immunity to the members of the city council and not to the city itself.

". . . The council or board of such city or village shall erect and maintain thereon barriers or barricades, lights or warning signs therefor and shall not be liable for any damage caused thereby."

The argument of the plaintiffs is that the city is not granted immunity by the statute and that the action is based on negligence and violation of sec. 81.15, Stats., which imposes liability on the city for an insufficiency of the highway.[1]

If the theory of the plaintiffs is good law it would appear that the statute is self-defeating. Without the statute providing for the barricade the city probably would be liable to the plaintiffs for an insufficiency of the highway by virtue of sec. 81.15, Stats.[2] If sec. 66.046 authorized the city through its council to erect a barrier across a public street and did not provide immunity to the city as distinguished from individual members of

[1] "**Damages caused by highway defects; liability of town and county.** If damages happen to any person or his property by reason of the insufficiency or want of repairs of any highway which any town, city or village is bound to keep in repair, the person sustaining such damages shall have a right to recover the same from such town, city or village."

[2] See *Cable v. Marinette County* (1962), 17 Wis. (2d) 590, 117 N. W. (2d) 605, and *Skiris v. Port Washington* (1936), 223 Wis. 51, 269 N. W. 556.

the council, nothing would be changed—an action would lie against the city for an insufficiency of the highway as provided by sec. 81.15. Prior to the enactment of sec. 66.046, the liability for a barricade in a public street (in the absence of malice or wanton conduct) would not fall upon the council members but upon the city.

As stated in 4 McQuillin, Mun. Corp. (3d ed.), pp. 183, 184, sec. 12:222:

" 'That legislative officers are not personally liable for their legislative acts is so elementary, so fundamentally sound, and has been so universally accepted, that but few cases can be found where the doctrine has been questioned and judicially declared.' "

Our court has recognized this rule as in the case of *Wasserman v. Kenosha* (1935), 217 Wis. 223, 226, 258 N. W. 857, where it was stated:

"The policy of protecting officials in the discharge of legislative and *quasi*-judicial duties and while acting within the limits fixed by law, is founded on good reasoning and should be adhered to."

Specifically, sec. 62.25 (2) (a), Stats., which was in effect in its present form when the statute in question was enacted, provides:

"Damages, if any, in an action against a city officer in his official capacity, except the action directly involve the title to his office, shall not be awarded against such officer, but may be awarded against the city."

From the statute itself we conclude that the legislature intended the governmental immunity to extend to the city itself in the performance of the acts permitted by the statute.

If it be considered that there is any ambiguity in the statute (we do not so find), the ambiguity is also resolved in favor of the city.

In those instances where a statute is ambiguous upon its face, in construing the statute, resort may be had to its legislative history.

As stated by the learned trial court in his scholarly and helpful memorandum opinion:

". . . Chapter 419, Laws 1937, created sec. 66.45 of the statutes, which was renumbered sec. 66.046 by sec. 40 of Chap. 631, Laws of 1953. File No. 1046 of the Wisconsin Legislative Reference Library contains the legislative record of Assembly Bill 652 (1937) which ultimately became sec. 66.45 Wis. stats. A part of this record consists of a longhand document entitled 'Memo' prepared by the draftsman of the bill which contains in part the following statements:

" 'For a good many years, a number of cities have set aside streets for coasting or sliding purposes to prevent accidents to children, but there has been no statutory authority for it.

" 'A number of city attorneys were fearful that the placing of barriers in the streets would (1) endanger the city to liability for suit by any such child or (2) *suit by any motorist running into such barrier* or (3) penalties placed by other sections of the statute. (Emphasis added)

" 'The case *(Skiris v. Port Washington,* 223 Wis. 51) was well considered by Judge Wickham. Accordingly, this case removes a lot of legal objections as to responsibility and the present bill removes these conflicts as well as giving express authority therefor and release from all liability in accordance with such decision.'

"We take judicial notice of the existence and content of the foregoing memo. It was supplied to us in the brief of counsel for defendant city. *Appellate Courts Use of Facts Outside of the Record by Resort to Judicial Notice and Independent Investigation,* George R. Currie, 1960 Wisconsin Law Review, 39, 45, 46; *Robison v. Borkenhagen, supra; Nekoosa-Edwards P. Co. v. Public Serv. Comm,* 8 Wis. (2d) 582, 590, 591; *Fringer v. Venema,* 26 Wis. (2d) 366, 372, 373.

"It seems patently clear from the unambiguous wording of the statute itself that the city is absolved from *all*

liability to *any* person who suffers *any* damage caused by a barrier, barricade, light or warning sign erected and maintained pursuant thereto. This statute in no way designates or limits the type or kind of claimant who is barred from seeking damages caused by such an obstruction. If there was any doubt as to whether motorists were included within the bar of the statute (and we have no such doubt) it would be dispelled by the legislative draftman's memo cited above which points out that the object of the statute was to absolve the city from *suits by injured motorists who run into such a barrier* as well as from liability to any child who might be injured thereby."[3]

There are no disputed issues of material fact. The questions of law are resolved against the contentions of the plaintiffs. The legislature, by enacting sec. 66.046, Stats., permitted the city of Darlington to erect and maintain the barricade in question and granted the city immunity from claims of liability by persons injured thereby.

*By the Court.*—Judgment affirmed.

---

[3] *Beghin v. State Personnel Board* (1965), 28 Wis. (2d) 422, 137 N. W. (2d) 29; *Nekoosa-Edwards Paper Co. v. Public Service Comm.* (1959), 8 Wis. (2d) 582, 99 N. W. (2d) 821; *Estate of Matzke* (1947), 250 Wis. 204, 26 N. W. (2d) 659.