In the INTEREST OF E.J.H., delinquent child under 18 years of age:

E.J.H., Appellant,

v.

STATE of Wisconsin, Respondent.

Supreme Court

*No. 81–1806. Argued April 27, 1983.—Decided June 1, 1983.*

(Also reported in 334 N.W.2d 77.)

For the appellant there were briefs by *James W. Mc-Neilly, Jr.,* and *Soffa & Devitt,* Whitewater, and oral argument by *Mr. McNeilly.*

For the respondent the cause was argued by *Kirbie Knutson,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

HEFFERNAN, J. This is an appeal of a dispositional order of the circuit court for Racine county, STEPHEN

A. SIMANEK, Circuit Judge, which adjudged E.J.H., a minor, to be delinquent for operating a motor vehicle without a valid driver's license, in violation of sec. 343.05(1), Stats.[1] Because the appellant is a juvenile, proceedings were instituted under the Children's Code, ch. 48, Stats. (1979). A petition for the determination of her status as an alleged delinquent child was filed on May 15, 1981, pursuant to the provisions of sec. 48.12. The dispositional order, the final order in a delinquency procedure (see secs. 48.34, 48.345, and 48.355), was filed on June 30, 1981. It is this order that is before us on appeal. This court accepted the appeal on certification pursuant to sec. 808.05(2).

On April 30, 1981, E.J.H. was riding her motorbike near the paved portion of West Frontage Road in Racine county, Wisconsin. She was stopped by two Racine county deputy sheriffs, who conducted a driver's license check. The check revealed that E.J.H., who was fifteen at the time, did not have a driver's license. The deputy sheriffs ticketed her for violating sec. 343.05(1), Stats., which forbids any person to "operate a motor vehicle upon a highway in this state unless the person has a license . . . ."

---

[1] "343.05 **Operators to be licensed; exceptions.** (1) Except as provided in sub. (2), no person may operate a motor vehicle upon a highway in this state unless the person has a license issued to him or her by the department, which license is not revoked, suspended, canceled or expired. A valid chauffeur's license satisfies the requirements of this section only when the licensee is operating a vehicle in the performance of his or her duties as chauffeur. No person may operate a motor-driven cycle unless the person possesses a valid operator's license which has been specifically endorsed for motor-driven cycle operation. No person may operate a moped unless the person possesses a valid operator's license or a special restricted operator's license issued under s. 343.135. No person may operate a motor bicycle unless the person possesses a valid operator's license or a special restricted operator's license issued under s. 343.135."

There was conflicting testimony at the hearing. E.J.H. testified that she was driving on the grassy portion within the platted right-of-way of West Frontage Road, not on the paved portion or the gravel shoulder. A deputy sheriff testified that he observed E.J.H. operate her motorbike on the shoulder of the road.

The trial court concluded that, for the purposes of sec. 343.05(1), Stats., "highway" means the entire right-of-way, including the area beyond any shoulder. Thus, it was not necessary for the court to determine whether or not E.J.H. actually operated her vehicle on the gravel shoulder. The court found that E.J.H. had operated a motor vehicle on a highway without a driver's license and, therefore, adjudged her to be a delinquent child.

The trial court entered a dispositional order prohibiting E.J.H. from obtaining a driver's license until sixty days after her sixteenth birthday. E.J.H. appealed. The dispositional order was stayed pending appeal.

The question on appeal is whether "highway" in sec. 343.05(1), Stats., means the entire platted or dedicated right-of-way of a public road or means only the paved (ordinarily traveled) portion of a road plus the shoulders, if any.

"Highway" is defined in sec. 340.01(22), Stats., as:

"All public ways and thoroughfares and bridges on the same. It includes the entire width between the boundary lines of every way open to the use of the public as a matter of right for the purposes of vehicular travel. . . ."

That definition controls the meaning of "highway" in sec. 343.05(1), Stats., because no other definition is specifically provided. Sec. 343.01(1).

The meaning of "highway" turns on whether the phrase, "open to the use of the public as a matter of

right for the purposes of vehicular travel," modifies "way" or whether it describes the relevant width. The location of the phrase in the definition indicates that it modifies "way." Thus, the definition should be read to mean, "the entire width between the boundary lines of every public road," that is, the entire right-of-way. That interpretation also is consistent with the use of the phrase, "boundary lines," which implies a legal boundary rather than something as imprecise as the edge of the shoulder.

E.J.H. contends, however, that the definition should be read to mean, "that portion of every public road which is intended for the purposes of vehicular travel." This, she asserts, would be limited to the roadway itself plus the shoulders, if any. We conclude that "highway" in sec. 343.05(1), Stats., includes the entire right-of-way.

The definition of "highway" was revised in 1957 as part of a new motor vehicle code. The note to sec. 340.-01(22), Stats., by the Legislative Council, which drafted the legislation, states:

"Legislative Council Note, 1957: This definition is important in setting the scope of the entire vehicle code because most provisions of chs. 341 to 349 apply only upon 'highways.' The new definition clarifies in various respects the definition in present s. 85.10(21). The present definition does not state that highway means the entire width between the boundary lines yet that clearly is the sense in which it is commonly used and understood. The term 'highway' includes the entire right of way as distinguished from the 'roadway' which is only a limited part of the highway." 1970 *Wisconsin Annotations,* Fifth Addition, 1771.

Clearly, the term, "highway," was intended to include the entire right-of-way. That definition ensures that a driver cannot escape the many provisions of the motor vehicle code which apply to highways by driving on that

portion of the right-of-way beyond any shoulder. We conclude that the legislature intended that possession of a valid driver's license was a requirement for an individual's operation of a vehicle on the right-of-way of a public road.

The appellant relies on three cases which she contends limit the meaning of "highway" to the paved (or ordinarily traveled) portion of a road plus the shoulders. Two of these cases were decided before the statutory definition was clarified in 1957. In *Poyer v. State,* 240 Wis. 337, 3 N.W.2d 369 (1942), the court stated that a highway included "at least" such portions of the area dedicated for use as a public highway "as are open to the use by the public as a matter of right for vehicular traffic." 240 Wis. at 340. The court did not consider whether "highway" included the entire right-of-way.

The court, in *Panzer v. Hesse,* 249 Wis. 340, 24 N.W.2d 613 (1946), did not refer to the statutory definition of highway. It concluded that the legislature intended a safety statute, which required pedestrians using highways to travel on and along the left side of such highways, to apply to those portions of the highway open to use by vehicular traffic including the shoulder. 249 Wis. at 346. The decision in *Panzer v. Hesse* does not support E.J.H.'s position, because it was based on the purpose of the particular safety statute and because there was no issue whether the right-of-way beyond the shoulder was part of the highway. The opinion clearly implies that a highway extends beyond those portions of the road open to use by vehicular traffic.

Finally, the appellant relies on *Weiss v. Holman,* 58 Wis. 2d 608, 207 N.W.2d 660 (1973). In that case, the plaintiff sought to recover damages for injuries sustained when the car in which he was riding struck a utility pole. He alleged that the utility pole, placed within four feet of the roadway, obstructed the public use of the highway in violation of sec. 182.017(2), Stats.

The court applied the definition of highway in sec. 340.01(22), Stats. It stated that:

" 'Highway' includes the 'roadway,' which is that portion of the road usually used for vehicular travel, *and* the shoulder of such improved surface where one exists." (Emphasis in original.) 58 Wis. 2d at 619.

The court concluded that the complaint in *Weiss* stated a claim for breach of the duty in sec. 182.017(2), Stats., because it was reasonable to assume that there was a shoulder and that it was at least four feet wide. 58 Wis. 2d at 620.

The court in *Weiss v. Holman* did not state that a highway does not include the entire right-of-way or the part of the right-of-way beyond the shoulder. It simply held that, when the pole was on the shoulder, it was on the highway. To the extent that *Weiss v. Holman* can be interpreted to limit the term, "highway," in sec. 340.-01(22), Stats., to the roadway plus the shoulder, we reject that interpretation in light of the clear legislative intent.

The trial court properly concluded that "highway" in sec. 343.05(1), Stats., includes the entire right-of-way of a public road. Therefore, the dispositional order must be affirmed whether E.J.H. was driving on the gravel shoulder or the grassy portion of the right-of-way.

*By the Court.*—The order of the circuit court is affirmed.