David J. BLACK, Plaintiff-Appellant,†

v.

CITY OF WAUKESHA and Raymond Holzman,
Defendants-Respondents.

Court of Appeals

*No. 84–2080.  Argued March 13, 1985.—Decided June 5, 1985.*
(Also reported in 371 N.W.2d 389.)

subsequent action brought by the same plaintiffs against the same defendant).

† Petition to review denied.

For the plaintiff-appellant, there were briefs and oral argument by *James W. Hammes* of *Cramer, Multhauf & Curran,* of Waukesha.

For the defendants-respondents, there was a brief and oral argument by *Gerald T. Janis,* assistant city attorney.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.    David J. Black (Black) appeals from a summary judgment in favor of the City of Waukesha and Raymond Holzman (Waukesha) which allowed Waukesha to assess school land and park land dedication fees as a condition of the securing of a building permit. We are persuaded that the pertinent statutes and ordinances authorize this procedure, and we accordingly affirm.

Black owns a parcel of land zoned as General Business B–3. He sought to build an apartment building of sixteen units. Black and Waukesha entered into an agreement in which Waukesha agreed to rezone the property as R–4–A, Residential Planned Development District, but conditioned upon payment of legally assessable school land and park land dedication fees. Respondent Holzman, the city building inspector, refused to issue a building permit before payment of those fees.

Black brought a declaratory judgment action in the circuit court to determine the validity of the fee demand and deposited with the court a sum equal to the fees. The trial court granted summary judgment to Waukesha, holding that the imposition of the fees was a reasonable exercise of police power and that the purpose for payments in lieu of dedications in rezoning was similar to subdividing, which ordinances uncontestably allowed for payments. Black appeals.

In *Jordan v. Village of Menomonee Falls,* 28 Wis. 2d 608, 615, 137 N.W.2d 442, 446 (1965), *appeal dismissed,* 385 U.S. 4 (1966), our supreme court held that sec. 236.45, Stats., the local subdivision regulation statute,

authorized the land dedication requirement of a Menomonee Falls platting ordinance. The court reasoned that the purposes of the statute included facilitating "adequate provision for transportation, water, sewerage, schools, parks, playgrounds and other public requirements" and that sec. 236.45 was intended by the legislature to vest additional authority to impose further requirements upon the subdivider. *Id.* at 615–16, 137 N.W. 2d at 446–47. The court further determined that the former of these reasons also authorized the payment of a fee in lieu of dedication. *Id.* at 622, 137 N.W.2d at 450.

The statute authorizing a city council to enact or adopt zoning ordinances, sec. 62.23 (7) (a), Stats., also provides among its purposes "to facilitate the adequate provision of transportation, water, sewerage, schools, parks and other public requirements." Sec. 62.23 (7) (c). This statute tracks almost exactly the platting statute whose purposes were held in *Jordan* to have allowed the imposition of fees in lieu of dedication. Further, this statute also resembles sec. 236.45, Stats., in that it contains a provision for liberal construction in favor of the municipality.

The similarity of the zoning and the platting statutes, coupled with the interpretation of the platting statute in *Jordan*, persuade us that a municipality's imposition of fees in lieu of dedication is authorized by sec. 62.23 (7), Stats.[1]

[1] We are unpersuaded by Black's argument that language in *Atkins v. City of Glendale*, 67 Wis. 2d 43, 226 N.W.2d 190 (1975), here precludes the application of *Jordan v. Village of Menomonee Falls*, 28 Wis. 2d 608, 137 N.W.2d 442 (1965), *appeal dismissed*, 385 U.S. 4 (1966). While *Atkins* does state that *Jordan* "deals exclusively with ch. 236, Stats., relating to the platting of land and raises no questions concerning special assessments," *Atkins* at 50, 226 N.W.2d at 194, *Atkins* does not deal with a statutory scheme substantially identical to that presented in sec. 236.45, Stats. *Atkins* is therefore distinguishable.

That being the case, we must now address the question of whether Waukesha's zoning ordinances themselves authorize the imposition of these fees. We hold that they do. Black contends that the ordinances relied upon by Waukesha apply only to the subdivision of lands. We disagree.

We begin by noting that zoning ordinances are to be construed in favor of the municipality. *Bur v. Schwarten*, 83 Wis. 2d 1, 8, 264 N.W.2d 721, 724 (1978). Further, sec. 62.23 (7) (a), Stats., the grant of zoning power statute, indicates that any ordinance adopted under it "shall be liberally construed in favor of the city . . . ." The Waukesha Municipal Code (code) explicitly provides for payments in lieu of dedication in sec. 23.08 (1) (c) of the subdivision and platting chapter. This section provides a schedule for the determination of those payments. While the zoning chapter does not contain its own parallel schedule, it does contain the following provision as sec. 22.35 (9) :

(9) PAYMENTS, DEDICATIONS AND IMPROVEMENTS. All payments, dedications and improvements required and regulated by the Code of the City of Waukesha, shall apply to Residential Planned Developments and shall be filed in the proper office of the City before issuance of building permits.

Even a less than liberal construction of this ordinance leads us to two conclusions. First, the "payments" provision is sufficiently broad to include payments in lieu of dedication. Second, the effect of this provision is to make applicable to Residential Planned Developments those provisions elsewhere in the code pertaining to "payments, dedications and improvements . . . ." We believe the plain meaning is unmistakably that the payment in lieu of dedication subdivision provision, sec.

23.08(1)(c), is therefore to be read into the zoning chapter as well. While we do not applaud this incorporation by reference as a model of clarity, we are persuaded that, through it, Waukesha was enabled to assess the dedication payments here.[2]

*By the Court.*—Judgment affirmed.

---

[2] We reject Black's argument that sec. 22.35(9) of the code does not apply dedication payments to residential planned development zoning cases because such payments are *required* only of subdividers. Such a reading renders the ordinance meaningless, especially in that there is no evident reference, save this one, to dedications in the zoning chapter. Under Black's interpretation, payments, dedications and improvements must be elsewhere explicitly required under residential planned development ordinances before subsec. (9) would apply. Were this the case, however, subsec. (9) would be rendered superfluous because the other ordinances would then authorize explicitly what subsec. (9) does by reference. Statutes should be construed in a manner which will avoid a construction that makes a word or a phrase superfluous. *Donaldson v. State,* 93 Wis. 2d 306, 315, 286 N.W.2d 817, 821 (1980). Here, Black's reading might well render the entire ordinance superfluous. We reject that reading.