LOWELL B. JACKSON, Secretary Department of Transportation
You have asked whether highway maintenance authorities may summarily remove nontraffic signs, such as political and commercial advertising signs, placed within the limits of highway rights of way. It is my understanding that a district attorney has informed your department that he will consider bringing theft charges against county highway maintenance personnel who remove and dispose of such signs unless the putative owners of such signs are first given notice of the impending removal. In my opinion, the district attorney in question has no legal authority for his position.
Under the law, a highway consists of the entire area between the established right of way limits. Thus the government's regulatory authority is not confined to the traveled portion of the roadway. Sec. 340.01 (22), Stats.; In the Interest of E.J.H.,112 Wis.2d 439, 442, 334 N.W.2d 77 (1983). With two limited exceptions, specifically signs used to promote Wisconsin agricultural project products pursuant to section 86.19 (1m), Stats., and signs related to barriers across streets for play purposes erected under section 66.046, section 86.19 makes clear that:
 [N]o sign shall be placed within the limits of any street or highway except such as are necessary for the guidance or warning of traffic . . . . The authorities charged with the maintenance of streets or highways shall cause the removal therefrom and the disposal of all other signs.
It must be emphasized that section 86.19 does not affect signs located outside of the highway right of way. The removal of signs outside the right of way requires a notice to the owner thereofSee, *Page 220 
for example, sec. 84.30, Stats. Also, it has been ruled that unauthorized signs within the right of way may be subject to summary removal "as a reasonable exercise of the police power of the state." 16 Op. Att'y Gen. 303, 305 (1927). Moreover, section86.19 does not preclude maintenance authorities from following the procedures outlined in section 86.04 for the removal of encroachments from highways in appropriate cases, such as where there may be some doubt about the location of the right of way boundary or where a sign may only partly encroach upon the right of way.
The authority to regulate activities within the highway right of way for the benefit of the public is paramount. Even an abutting land owner's interest is subservient to that of the public. The unauthorized placement of sign posts in ditches may cause distraction to motor vehicle operators, impede mowing and other maintenance activities and also present safety hazards to the users of the off-roadway portion of highways, such as snowmobiles operated under section 350.02 (2)(b). See further ch. TRANS 200, Wis. Adm. Code, governing the erection of signs in public highways and establishing a permit system.
In effect, the Legislature has deemed unauthorized signs placed within the highway right of way to be public nuisances which even under the common law were subject to summary abatement. Seegenerally 39 Am. Jur. 2d, Highways, Streets and Bridges, sec. 327. Therefore, given the clear, direct language of the statute and the legislative grant of police power to protect the public, I am of the opinion that highway maintenance authorities may summarily remove nontraffic signs placed within the limits of the highway. Furthermore, even though in some cases those authorities might be able to notify the putative owners about the possibility of retrieving the signs after their removal, such notice would be gratuitous and is not required by the statutes. Nevertheless, both common sense and fairness dictate prudence in some cases. When, in the judgment of maintenance authorities, public safety does not demand immediate removal, an effort should be made to notify the sign owner, if known. Failing prompt removal by the owner, the sign may then be removed. Moreover. if the offending sign has more than a nominal scrap value, an effort should be made to locate the owner before disposing of the sign.
BCL:DSF *Page 221