STATE of Wisconsin EX REL. Reed L. BEIDLER
and Mary B. Beidler, Petitioners-Appellants,

v.

ZONING BOARD OF APPEALS for the VILLAGE
OF WILLIAMS BAY and Village of Williams Bay,
Walworth County, Wisconsin, Respondents-
Respondents.

Court of Appeals

*No. 91-1715. Submitted on briefs December 23, 1991.—Decided
February 19, 1992.*

(Also reported in 481 N.W.2d 669.)

On behalf of the petitioners-appellants, the cause was submitted on the briefs of *David C. Williams* of *Allen, Harrison, Williams, McDonell & Swatek* of Lake Geneva.

On behalf of the respondents-respondents, the cause was submitted on the brief of *John H. Andrews* of *Consigny, Andrews, Hemming & Grant, S.C.* of Janesville.

Before Nettesheim, P.J., Brown and Anderson, JJ.

BROWN, J.    Reed L. and Mary B. Beidler appeal a judgment affirming the Village of Williams Bay Zoning Board of Appeals' denial of their request for a building permit. The Beidlers contend that a private street on their lot is not a *roadway,* as that term is used in the ordinance, and thus should not be excluded from the computation of their lot size. We affirm the judgment upholding the zoning board because we conclude that the ordinance is unambiguous and that a private street is a *roadway.*

The Beidlers sought to raze the existing cottage on their property and build a new single-family residence. The zoning ordinance for the area requires a minimum lot size of 12,000 square feet, but provides an exception requiring only 7200 square feet when a property consists of two or more adjacent platted lots of substandard size. The Beidlers' property consisted of three platted lots (hereinafter the Beidler "lot"). Thus, the Beidlers applied for a building permit under the exception.

The Beidlers' total lot size is 8000 square feet. However, on the western side of the lot, there is an eighty-by-twenty foot strip which the plat states is "[r]eserved as a private street for use of owners and occupants in this

subdivision only." The building inspector and the zoning board refused to include this reserved strip in their computation of the Beidler lot size because Ordinance 18.1502 RR provides that "[n]o lands dedicated to the public or reserved for *roadway* purposes shall be included in the computation of lot size . . .." (Emphasis added.) The board concluded that the Beidlers' lot was only 6400 square feet after the strip reserved for a private street was excluded. The board also concluded that the proposed building would fail other ordinances which require a thirty-foot front yard setback from a street.[1] The Beidlers sought review in the circuit court. The court affirmed the zoning board's action after it determined that the ordinance was unambiguous and that the Beidlers did not meet its terms.

Before reaching the merits, we point out that the Beidlers also assert trial court error in its application of the proper standard of review. We need not decide whether the trial court employed the wrong standard of review in deciding this case since our review of ordinance construction is a question of law which is *de novo* and without deference to the trial court. *Eastman v. City of Madison,* 117 Wis. 2d 106, 111–12, 342 N.W.2d 764, 767 (Ct. App. 1983).

We do, however, feel that it is necessary to briefly discuss the parties' dispute concerning our proper standard of review. The zoning board asserts that in all cases of ordinance construction, there is a presumption in favor of any construction placed on the zoning ordinance by the appropriate zoning official and that a petitioner has the burden of overcoming this presumption.

---

[1]On appeal, the Beidlers do not present arguments related to the board's decision on front yard setback, apart from their arguments about the meaning of *roadway*. Therefore, we will not construe the ordinance on setback requirements.

The zoning board's contention is based on the oft-repeated rule that court's "begin by noting that zoning ordinances are to be construed in favor of the municipality." *Black v. City of Waukesha,* 125 Wis. 2d 254, 257, 371 N.W.2d 389, 391 (Ct. App. 1985). The zoning board cites, in particular, *State ex rel. B'nai B'rith Found. v. Walworth County Bd. of Adjustment,* 59 Wis. 2d 296, 208 N.W.2d 113 (1973). In that case, the supreme court wrote that "the respondent municipality does not have the burden of proving the [construction] of its ordinance . . .. Rather, appellant has the burden of showing its invalidity." *Id.* at 307, 208 N.W.2d at 119.

The Beidlers contend that construction of an ordinance, like statutory construction, is a question of law and is not subject to such things as burdens of proof and presumptions because those are legal tools inherent to purely evidentiary questions. The Beidlers argue that the cases cited by the zoning board relate only to questions of an ordinance's validity, not to interpretation issues.

■

We conclude that the cases cited by the zoning board mean to say that it is not the village's duty in ordinance construction cases to first convince us that its interpretation is correct, but that it is the petitioner's initial duty to convince the court that the village's interpretation is incorrect. We place the duty of going forward in the petitioner's hands. Until the petitioner has convinced the court that a zoning ordinance clearly and unambiguously says something different than what the village contends, or that there is a reasonable alternate meaning of the ordinance rendering the ordinance ambiguous, the village's construction stands. With the standard of review question determined, we reach the merits.

The Beidlers claim that the ordinance is ambiguous and the zoning board incorrectly interpreted the word *roadway*. The Beidlers' argument can be summarized in the following manner. All roadways are highways. All highways are public roads. The private street on the Beidler lot is not a public road. Therefore, the private street is not a roadway.

The Beidlers construct their argument by looking to dictionary definitions, the Wisconsin motor vehicle code and Wisconsin cases. The Beidlers appear to use the dictionary definitions in the following manner. *Highway* is always defined as a *road* which is *public*. *Roadway* is also defined as a *road*. From this, the Beidlers conclude that because both a *highway* and a *roadway* are defined as a *road*, a *roadway* is always a *highway*. They further conclude that a *roadway* is thus a public thoroughfare and not a private street.

The Beidlers find support for this argument from sec. 340.01(54), Stats., which defines "roadway" as a "portion of a highway," and from sec. 340.01(22), which defines a "highway" as a "public" way but not a private road or driveway. From this the Beidlers conclude that it is never appropriate to apply the term *roadway* to a private road, since a private road is not a *highway*.

We see no need to look to the meaning of *highway* to define *roadway* when *roadway* itself is defined. All the dictionary definitions of *roadway* the Beidlers themselves offer simply indicate that *roadway* is the part of a road over which vehicles travel. There is no indication that a *roadway* must be a public road. *See, e.g., The American Heritage Dictionary* 1066 (2nd college ed. 1985); *Webster's New World Dictionary* 1230 (2nd college ed. 1984); *Oxford American Dictionary* 586 (1980).

In addition, the motor vehicle code was concerned with defining *highways,* not with defining *roadways.*

Highways are public roads which are governed by the legislature's traffic regulations. Those regulations are relevant for roadways only insofar as a roadway is part of a highway. The regulations do not circumscribe the definition of roadway.

The Beidlers also look to several Wisconsin cases for their identification of roadway with highway. However, these cases, like the statutes that comprise the motor vehicle code, are concerned with roadways only insofar as they are subject to statutory traffic regulations as a part of a highway. The cases do not purport to equate roadways with highways. *See Weiss v. Holman,* 58 Wis. 2d 608, 618-20, 207 N.W.2d 660, 665-66 (1973) (safety statutes related to highways are not limited to roadway portion of highway); *Guderyon v. Wisconsin Tel. Co.,* 240 Wis. 215, 221-22, 2 N.W.2d 242, 245 (1942) (shoulders of highway cannot be used to fulfill regulations dealing with roadway part of highway); *Poyer v. State,* 240 Wis. 337, 339-40, 3 N.W.2d 369, 370-71 (1942) (when access road from highway to an alley lies within highway right-of-way, it is subject to regulations for highway's roadway, even though access road does not constitute highway's main roadway). We determine that the Beidlers' primary premise is erroneous. Roadways are not always part of highways such that they must be defined as a public thoroughfare.

██ We conclude that the eighty-by-twenty foot strip of land on the western edge of the Beidlers' lot is a *roadway.* The fact that it is a *private roadway* makes no difference. The point is that neither the Beidlers nor two of their neighbors would have access to their properties without this roadway. It is not simply a private driveway on the Beidlers' property. Moreover, the roadway is not an access route voluntarily provided by the Beidlers to

their neighbors. It is an access route required by the village's Ordinance 18.0212, which states: "*All Lots* shall abut upon a public street, or other approved way . . .." (Emphasis in original.) Therefore, we hold that Ordinance 18.1502 RR, which prohibits the inclusion of lands "reserved for roadway purposes" in the computation of lot size, clearly and unambiguously refers to this private street.

We affirm the circuit court's judgment upholding the zoning board's denial of the Beidlers' request for a building permit.

*By the Court.*—Judgment affirmed.