COURT OF APPEALS
DECISION
DATED AND FILED

June 28, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP676**

STATE OF WISCONSIN

Cir. Ct. No. 2020CV2649

IN COURT OF APPEALS
DISTRICT II

---

ADAMS OUTDOOR ADVERTISING LIMITED PARTNERSHIP,

    PLAINTIFF-APPELLANT,

  V.

WISCONSIN DEPARTMENT OF TRANSPORTATION AND
CRAIG THOMPSON, IN HIS CAPACITY AS SECRETARY OF WDOT,

    DEFENDANTS-RESPONDENTS.

---

    APPEAL from an order of the circuit court for Dane County: STEPHEN E. EHLKE, Judge. *Affirmed*.

    Before Neubauer, Grogan and Lazar, JJ.

    **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Adams Outdoor Advertising Limited Partnership (Adams) appeals an order granting summary judgment to the Wisconsin Department of Transportation (DOT) in this declaratory judgment action. Adams argues the DOT's decision not to renew or enter into leases for outdoor billboards on DOT-owned property constitutes rulemaking under WIS. STAT. § 227.01(13) (2021-22).[1] It asserts that this "rule" was not promulgated in accordance with the statutory rulemaking procedure set forth in WIS. STAT. ch. 227 and is therefore unlawful.

¶2 We conclude Adams's claim that the DOT engaged in impermissible rulemaking fails on its merits. The DOT's decision not to renew Adams's lease for four billboards located within highway rights-of-way brought the DOT into compliance with WIS. STAT. § 86.19(1). That statute—with certain exceptions not applicable here—forbids signage within the limits of any highway. For this reason, the so-called rule was not an exercise in rulemaking, as an agency need not comply with the elaborate rulemaking procedures when it is merely aligning its interpretation with the requirements of an unambiguous statute.

¶3 To the extent that the asserted "rule" is broader than WIS. STAT. § 86.19(1) and encompasses signage on all DOT-owned lands, including those signs not within highway rights-of-way, we conclude Adams lacks standing to raise this challenge. Its invocation of the business activities of other "similarly

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

situated outdoor advertising companies" is insufficient to establish that it has or may suffer any injury arising from the DOT's action. We affirm.

## BACKGROUND

¶4 Adams is a Minnesota limited partnership that engages in outdoor advertising, including but not limited to the sale and lease of billboard space to third parties and the securing of real property through ownership or leases for outdoor advertising throughout Wisconsin. For decades, Adams has owned four billboards located on the south side of U.S. Highway 12/U.S. Highway 18 in Madison. It has leased the real property on which the billboards are located from the DOT. Though the leases have been repeatedly renewed, the DOT has for the past several years signed only one- to two-year lease agreements.

¶5 The most recent lease the parties executed was for a one-year term commencing October 1, 2019. The lease period ended on September 30, 2020, and was not to continue on a month-to-month basis. As part of the lease, Adams acknowledged "that it has no expectation of renewing this Lease or of renting the Premises after the termination date of this Lease."

¶6 In late September 2020, a DOT official informed Adams that the DOT had reached a decision to end the lease at the expiration of its term. During a meeting between the parties shortly after expiration, DOT officials informed Adams that the DOT would not be entering into any new billboard leases or renewing any existing billboard leases on DOT-owned property. The DOT told Adams this approach was being applied statewide and would apply equally to Adams's billboards and other companies' billboards located on DOT-owned lands. There are seven billboards in Wisconsin on DOT-owned property, including Adams's four billboards.

¶7    Adams filed a declaratory judgment action, asserting the DOT's refusal to enter into new billboard leases or renew existing leases on DOT-owned land constituted a "Divestment Rule" that was promulgated without following the rulemaking procedures set forth in WIS. STAT. ch. 227. Adams also alleged the DOT promulgated the "Divestment Rule" without "explicit statutory authorization to do so."

¶8    In lieu of discovery, the parties stipulated to the foregoing facts and filed cross-motions for summary judgment. The circuit court determined that Adams lacked standing because it had no legally protectable interest in its former leasehold rights. It also concluded that even if Adams had standing, the DOT had not engaged in rulemaking. Adams now appeals.

## DISCUSSION

¶9    We review a grant of summary judgment de novo using a well-established methodology. ***Chapman v. B.C. Ziegler and Co.***, 2013 WI App 127, ¶2, 351 Wis. 2d 123, 839 N.W.2d 425. Summary judgment should be granted if there is no genuine issue as to any material fact and a party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2).

¶10    We need not engage in a lengthy analysis of what constitutes a "rule" under WIS. STAT. § 227.01(13), whether that definition encompasses the supposed policy of lease nonrenewal at issue here, or whether Adams has standing to challenge the alleged rule insofar as its former billboards within the highway rights-of-way are concerned. The law is clear that "when an agency brings its practice into conformity with the plain meaning of an unambiguous statute," it has not engaged in rulemaking so as to necessitate compliance with the promulgation

procedures attendant to rule development. *Lamar Cent. Outdoor, LLC v. DHA*, 2019 WI 109, ¶24, 389 Wis. 2d 486, 936 N.W.2d 573.

¶11    Here, the legislature has explicitly and unambiguously forbidden signs in the locations that Adams once used. WISCONSIN STAT. § 86.19(1) states that, with various exceptions that are not applicable here, "no sign shall be placed within the limits of any street or highway except such as are necessary for the guidance or warning of traffic." All other signs are to be removed and disposed of. *Id.* It is undisputed that all of the signs that were subject to the lease were located in highway rights-of-way.[2] Therefore, even assuming that the DOT's action would otherwise satisfy the definition of a rule, no rulemaking was required here.

¶12    Adams suggests that its interests are broader than the four billboards that that were the subjects of the lease. Adams argues that as a limited partnership organized under Minnesota law, it can do anything "necessary or convenient to carry on its activities." MINN. STAT. § 321.0105 (2022). This authority, it argues, gives it standing to challenge any "rule" that might conceivably impact its

---

[2] Adams hints that WIS. STAT. § 86.19(1) may be ambiguous about what it means to be "within the limits" of a highway, and that a factual issue might exist regarding whether its billboards were located within that area. Legally, we agree with the State's assertion that the definition of a highway unambiguously includes the highway right-of-way, which is not limited to the roadway and shoulders. *See* WIS. STAT. § 340.01(22); *E.J.H. v. State*, 112 Wis. 2d 439, 442-43, 334 N.W.2d 77 (1983). Factually, the lease provides that all Adams's signs are located in the DOT-owned highway right-of-way. Adams has pointed to nothing in the record creating a factual issue about whether its billboards fall outside the scope of § 86.19(1). And Adams's suggestions that § 86.19(1) applies only to newly placed signs is conclusory and undeveloped. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).

Relatedly, Adams posits that if WIS. STAT. § 86.19(1) forbids the recently-expired lease, "it is unclear why the DOT consistently renewed the lease for these billboards over the past almost thirty years," even though § 86.19(1) is of much longer standing. Like the circuit court, we view the DOT's past practice as a legally irrelevant question for purposes of this dispute.

operations as an outdoor advertising company. Thus, Adams argues that even if WIS. STAT. § 86.19(1) places the DOT's "rule" outside of the process for rulemaking as to signs located within the limits of a street or highway, Adams should still be able to pursue this challenge because the "rule" is broader and also encompasses billboards on any DOT-owned lands.

¶13     We reject this argument. There is no factual basis to conclude the so-called "rule" interferes with any of Adams's actual or planned business activities that would not fall within WIS. STAT. § 86.19(1)'s ambit. Adams's assertions that it is "one of the leading outdoor advertising companies in the United States" and that it "routinely secures real property, either through outright ownership or leases, for outdoor advertising throughout Wisconsin" fail to demonstrate that it has any interest in DOT-owned lands that are not part of a highway for purposes of § 86.19(1).

¶14     To be more precise, Adams does not suggest or allege it has any inclination or desire to place a billboard on DOT-owned land at a location outside of a highway right-of-way.[3]     Indeed, Adams invokes the interests of "other similarly situated outdoor advertising companies," apparently claiming that the three billboards on DOT-owned lands leased by other companies—none of which is a party to this action—is enough to confer standing upon Adams here. We have

---

[3] Adams's argument suffers from the additional complicating factor that the legislature has vested DOT with discretionary authority to lease its property and to do so "for purposes and upon such terms and conditions as the department deems in the public interest." WIS. STAT. § 85.15(1). Thus, even as to DOT-owned property outside a highway, the DOT could decide it simply does not want to enter into a lease with a prospective tenant. As for DOT-owned property *within* the highway, even setting aside momentarily WIS. STAT. § 86.19(1), a successful challenge to the so-called rulemaking here at best removes one hurdle to Adams's lease renewal, but it does not achieve Adams's ultimate goal of resuscitating its leasehold rights.

no trouble determining this is too speculative a basis to conclude Adams has a personal stake in the outcome of the controversy as to billboards outside of the highway rights-of-way.[4]  *See* ***Chenequa Land Conservancy, Inc. v. Village of Hartland***, 2004 WI App 144, ¶17, 275 Wis. 2d 533, 685 N.W.2d 573.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[4] Given the foregoing, we need not consider Adams's alternative argument that the DOT exceeded its statutory authority when promulgating the alleged "rule."

7