McCHESNEY, Appellant, vs. DANE COUNTY, Respondent.
[Two cases.]

*March 10—April 6, 1920.*

*Highways: Action against county for defective condition: Defects outside of traveled track: Contributory negligence: Traveler leaving prepared track: Question for jury.*

1. The act of traveling for one's own convenience outside of a way prepared for the public constitutes contributory negligence as a matter of law.

2. Where a defect or obstruction within the limits of a highway is not in the traveled part of the road or so connected with it as to affect the safety and convenience of those using the traveled bed, the municipality is not responsible for an injury sustained by reason thereof.

3. In an action against a county for injuries sustained by an automobile driver by running into a culvert abutment in the road but not in the traveled part thereof, where the driver turned out of the traveled track to avoid an automobile ap-

proaching from the opposite direction, the question of whether the abutment was so connected with the highway as to affect the safety of the driver in his use of the traveled part of the highway is for the jury.

APPEAL from a judgment of the superior court of Dane county: AUGUST C. HOPPMANN, Judge. *Reversed.*

Personal injury. On July 5, 1916, the plaintiff purchased an automobile. He had never operated an automobile but had had considerable experience in the operation of traction engines. The seller undertook to teach the plaintiff how to drive the car. After driving around on the streets of Madison, the plaintiff, accompanied by the seller, started toward the home of the plaintiff at Dane, driving along the Westport-Madison road. Several miles before the place of the accident was reached the seller turned the operation of the car over to the plaintiff. It was a bright, clear day. Plaintiff succeeded in meeting several vehicles, and was driving at the rate of about ten or fifteen miles an hour, and at a point opposite Mendota station, when he overtook and passed a horse and buggy, turning out on his left, and then swung back into the road, which consisted of eight or ten feet of macadam or gravel with four or five feet of dirt on either side, with a grassy margin. As he regained the road he saw an automobile coming toward him at a rate of speed much greater than he was traveling. He then turned out into the grassy part of the highway, so that the right-hand wheels were in the grass about a foot, he being of the opinion that the oncoming car did not intend to yield a due part of the highway. While plaintiff was so driving to his right, watching the road and keeping a lookout for the approaching car, the right-hand front wheel of plaintiff's automobile struck a culvert abutment which was concealed by grass and weeds, thus incurring the injury complained of. The space between the culvert abutments was twenty feet. The traveled track lay eighteen inches nearer the abutment which the plaintiff struck than

the opposite abutment. The automobile was an ordinary car, having a tread of fifty-six inches, and being over all of the width of about six feet, perhaps two or three inches less.

At the close of the plaintiff's testimony the trial court granted defendant's motion for a nonsuit, on the ground that the plaintiff had departed from the traveled track for his own convenience and was therefore guilty of contributory negligence. The court said: .

"By the act of going clean out of the highway he invited the oncoming automobile to all of the road, so to speak. If he had stayed in the highway and just gave one half of the highway, as he had a right to do, the oncoming automobile would no doubt have gone to its side and given him a clear space to cross that culvert."

From judgment in favor of defendant the plaintiff appeals.

For the appellant there was a brief by *Crownhart & Wylie* of Madison, and oral argument by *Fred M. Wylie.*

*Roman Heilman,* district attorney of *Dane County,* for the respondent.

ROSENBERRY, J. The act of traveling for one's own convenience outside of the way prepared for the public constitutes contributory negligence as a matter of law. See *Wheeler v. Westport,* 30 Wis. 392, and line of cases cited in *Sweetman v. Green Bay,* 147 Wis. 586 (132 N. W. 1111), at p. 603. We do not understand that *Sweetman v. Green Bay, supra,* overrules or modifies the doctrine established by the cases referred to. The question here is whether or not the facts in this case bring it within the rule. In *Wheeler v. Westport* it is said:

"This conclusion results in no change of the general rule that travelers are required to keep within the traveled way, but merely in defining its application to be not only to the way actually traveled and in most frequent use, but also to

McChesney v. Dane County, 171 Wis. 234.

those parts of the road contiguous to and immediately connected with such way, which the town, in the discharge of its duty, is required and presumed to have kept clear from dangerous defects and incumbrances. Such must, as it seems to us, in view of the authorities and of well settled principles regulating the duty of towns, be the true meaning and application of the rule; and if it is, then the question whether the plaintiff was negligent or not in walking where he did, was one of fact for the jury under the particular circumstances, and not one of law for the court."

We find nothing in the opinion or in the dissenting opinion in *Sweetman v. Green Bay,* 147 Wis. 586, 132 N. W. 1111, that tends to limit or modify this rule.

In the case at bar the plaintiff was not turning out for his own convenience or pleasure. He was obliged to turn out to comply with the law of the road. In turning out he turned farther to the right than he was required to do by the law of the road. Was he guilty of contributory negligence in so doing?

It is true that though there be a defect or obstruction within the limits of the highway, if it is not in the traveled part of the road, or so connected with it as to affect the safety and convenience of those using the traveled bed, the municipality is not responsible for an injury sustained by one in consequence of it. Whether or not an obstacle is so connected with the highway as to affect the safety or convenience of those using that part prepared for public travel has always been held, when doubt exists, to be a question for the jury. That is exactly the question presented by the facts in this case. Was the abutment so connected with the highway as to affect the safety of the plaintiff in his use of the traveled part of the highway? · That being a question for the jury, the granting of the nonsuit was error.

*By the Court.*—Judgment reversed, and the cause remanded for a new trial.