Gerald WOLSKI and Margaret Wolski, Plaintiffs-
Appellants,

v.

Randall WILSON and Sentry Insurance Company,
Defendants-Respondents.

Court of Appeals

*No. 92–1314. Submitted on briefs December 4, 1992.—Decided
February 24, 1993.*

(Also reported in 497 N.W.2d 794.)

On behalf of the plaintiffs-appellants, the cause was submitted on the brief of *Steven G. Kmiec* of *Kmiec Law Offices* of Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Robert F. Johnson* of *Cook & Franke, S.C.* of Milwaukee.

Before Brown, Anderson and Snyder, JJ.

SNYDER, J.   Gerald Wolski appeals from an order granting summary judgment in favor of defendants Randall Wilson and Sentry Insurance Company.[1] The trial court concluded that there were no material issues of fact in dispute and the defendants were entitled to judgment as a matter of law because there was no causal connection between Wilson's actions and Wolski's accident. Since the trial court improperly used its discretion to discount material issues of fact in dispute, we reverse and remand for further proceedings.

## I.   FACTS

Wolski leased space in an office building owned by Wilson. On December 12, 1984, Wolski suffered various injuries when he struck the center column of the doorway while attempting to lock the entrance of the building. Wolski commenced an action against Wilson and Sentry Insurance Company, Wilson's liability insurance carrier, claiming Wilson was negligent with respect to the construction and maintenance of the door and in failing to provide a safe place, contrary to sec. 101.11, Stats.

The entrance of the office building consisted of two doors separated by a center column. According to Wolski, the north door became warped in the winter months which made it difficult to close. Despite numerous requests, Wilson did not provide Wolski with a key to the door so that he could lock the door from the outside. Instead, in order to lock the door, Wolski was forced to place himself in the southern doorway, straddle the center column, and push the north door closed from

---

[1] Although her name appears in the caption as a party in this matter, Margaret Wolski's amended complaint was dismissed on March 17, 1992 upon stipulation of the parties and order of the court.

the outside while turning the lock mechanism from the inside. Wolski alleged that he repeatedly advised Wilson of the problem and the unorthodox procedure necessary to lock the door, all to no avail.

On September 4, 1991, Wilson deposed Wolski. When asked what happened to cause him to hit the center column of the doorway, Wolski initially testified that he slipped. When questioned further on the issue, Wolski indicated that he did not know what happened to cause him to strike the doorway. Wolski further testified that he had no recollection whether there was any ice or snow on the stoop in front of the doors when he arrived for work that day.

Based upon Wolski's deposition testimony, Wilson moved for summary judgment arguing that there were no genuine issues of material fact, and since Wolski could not determine the cause of the accident, Wilson was entitled to summary judgment as a matter of law. In response, Wolski filed an affidavit in opposition to Wilson's motion alleging that he had slipped on the icy stoop because of the unorthodox manner in which he was forced to lock the door. The trial court granted Wilson's motion for summary judgment, concluding that there was no material issue of fact in dispute and no causal connection between Wilson's actions and Wolski's accident. Wolski appeals from the order granting summary judgment.

## II. SUMMARY JUDGMENT

In reviewing a trial court's grant of summary judgment, we are required to independently apply the standards set forth in sec. 802.08(2), Stats., just as the trial court applied those standards. *Wright v. Hasley,* 86 Wis. 2d 572, 579, 273 N.W.2d 319, 322-23 (1979). The

mandatory language of sec. 802.08(2), which prescribes the condition under which summary judgment "shall be rendered," requires that an appellate court can "no longer accord the trial court wide latitude in deciding to grant or deny summary judgment." *Wright*, 86 Wis. 2d at 578, 273 N.W.2d at 322.

■

Applying the same summary judgment methodology as the trial court, we must first examine the pleadings to determine whether a claim is stated and a material factual issue is presented. *Bulgrin v. Madison Gas & Elec. Co.*, 125 Wis. 2d 405, 407, 373 N.W.2d 47, 49 (Ct. App. 1985). If so, the court examines the moving party's affidavits to determine whether that party has made a *prima facie* showing for summary judgment, in this case a defense which would defeat Wolski's claim. It is only when the moving party makes such a showing that this court examines the opposing party's affidavit or other proof of evidentiary facts to determine whether a genuine factual issue exists which would entitle that party to a trial. *Id.* at 407-08, 373 N.W.2d at 49.

## A. Pleadings

■

Wolski's amended complaint alleges that Wilson was negligent generally with respect to the doorway and negligent in failing to provide a safe place, contrary to sec. 101.11, Stats. The necessary elements to establish a cause of action for negligence are: (1) a duty of care on the part of the defendant; (2) a breach of that duty; (3) a causal connection between the conduct and the injuries; and (4) actual loss or damage as a result of the injury.[2]

---

[2] Plaintiffs alleging a violation of sec. 101.11, Stats., also have the burden of proving all the elements of negligence. *Ozzello*

*Coffey v. City of Milwaukee*, 74 Wis. 2d 526, 531, 247 N.W.2d 132, 135 (1976). We conclude that the complaint, read liberally, states a claim for negligence and a claim under sec. 101.11, and the answer joins the issue.

## B. Prima Facie Case Showing

Wilson, in affidavits supporting his motion for summary judgment, alleged that Wolski could not determine that the condition complained of caused the accident. In support of this argument, Wilson relies on the following testimony from Wolski's deposition:

[Questioning by Wilson's attorney]

Q   What physically happened to you to cause you to strike the center column with what you've now pointed to as your right, center ribs?

A   I don't know. I slipped obviously, or my finger broke. I don't know which, slipped; or maybe the slipping was the cause of the ribs or the finger.

All I know is my chest hurt like a devil. My pain there was my ribs.

Q   My question was: What happened to you to cause you to strike the post?

A   I don't know.

. . ..

Q   But again, as you've indicated, precisely how you ended up striking the post or how that pain occurred in the chest you don't know, correct?

A   No, I don't know.

*v. Peterson Builders, Inc.*, 743 F. Supp. 1302, 1312 (E.D. Wis. 1990).

Wilson asserts that Wolski's inability to determine causation, an essential element of his negligence claim, entitles him to summary judgment as a matter of law. For summary judgment purposes, we conclude that Wilson has stated a *prima facie* defense. Accordingly, we must next look towards opposing affidavits to determine whether a genuine issue exists as to any material fact.

## C.   *Opposing Affidavits*

In his opposing affidavit, Wolski stated in relevant part the following:

> 3.   That your affiant slipped on the icy stoop because your affiant had to reach in to lock the North door from the inside with my right foot on the outside stoop and the left foot on the sill holding the South door open. . ..
>
> . . ..
>
> 5.   . . . I injured myself when I slipped on the icy stoop and my chest came in forceful contact with the center column between the two doors.

Wolski argues that his affidavit presents a material issue of fact in dispute—the cause of the accident—and that the trial court therefore erred in granting Wilson's motion for summary judgment. We agree.

The *Wright* standard mandates that "[i]f a genuine issue of any material fact exists, then summary judgment cannot be granted, and we must reverse." Neither the trial court nor this court has any discretion in the matter. *Id. Fortier v. Flambeau Plastics Co.*, 164 Wis. 2d 639, 652, 476 N.W.2d 593, 598 (Ct. App. 1991) (citing *Wright*, 86 Wis. 2d at 578-79, 273 N.W.2d at 322-23). In this instance, a genuine issue of material fact—what, if

anything, caused Wolski to fall—is clearly disputed. Therefore, summary judgment cannot be granted and we must reverse.

Wilson asserts that by virtue of his affidavit Wolski has attempted to *create* a genuine issue of fact where none existed before. Specifically, he argues that for more than seven years, up until the time the affidavit was filed, Wolski made no mention, in his pleadings or in his deposition, of the stoop being icy, causing him to slip. Wilson concedes that Wolski complained about the doors and the lack of a key, but argues that at no time did Wolski contend that those concerns caused him to fall. Wilson further argues that the purpose and utility of sec. 802.08(2), Stats., would be frustrated if a party is allowed to introduce factual issues through an affidavit which contradicts his or her own prior testimony.

While this issue is unresolved in this jurisdiction, the federal courts have established a rule to address such affidavits in conjunction with FED. R. CIV. P. 56(c).[3] Generally speaking, "[p]arties cannot thwart the purpose of Rule 56 by creating issues of fact through affidavits that contradict their own depositions." *Miller v. A.H. Robins Co., Inc.*, 766 F.2d 1102, 1104 (7th Cir. 1985). The rationale for such a rule has been explained as follows:

> If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.

---

[3] Section 802.08(2), Stats., is the counterpart of FED. R. CIV. P. 56(c) and "follows the federal rule very closely." *Wright v. Hasley*, 86 Wis. 2d 572, 578, 273 N.W.2d 319, 322 (1979).

*Perma Research and Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969).

Wilson notes that this issue arises with some degree of frequency and urges this court to adopt a similar rule in Wisconsin. Without comment as to the desirability of such a rule, we must decline to do so. As an error-correcting court, our task is to apply the statutes and rules of law as they presently exist. Any changes in state summary judgment methodology must either come from the legislature or supreme court, and not this court.

Unless directed otherwise, we are bound by the clear mandate of *Wright* and the plain language of sec. 802.08(2), Stats. Therefore, we must reverse and remand for a trial on all the issues.

*By the Court.*—Order reversed and cause remanded with directions.