John T. MORRIS and Jeanne Morris, Plaintiffs-Appellants,

v.

JUNEAU COUNTY, a municipal corporation and Wisconsin County Mutual Insurance Corporation, Defendants-Respondents-Petitioners.†

Supreme Court

*No. 96–2507. Oral argument April 28, 1998.—Decided June 30, 1998.*

(Also reported in 579 N.W.2d 690.)

†Motion for reconsideration denied August 25, 1998.

544

For the defendants-respondents-petitioners there were briefs by *Bradley D. Armstrong, Paul Voelker, Christopher P. Koback* and *Axley Brynelson*, Madison and oral argument by *Christopher R. Koback*.

For the plaintiffs-appellants there was a brief and oral argument by *William H. Rudolph*, Hillsboro.

Amicus curiae was filed by *John J. Prentice, Andrew T. Phillips* and *Prentice & Phillips*, Milwaukee for the Wisconsin Counties Association.

Amicus curiae was filed by *Michael Riley* and *Atterbury, Riley & Luebke, S.C.*, Madison for the Wisconsin Academy of Trial Lawyers.

¶ 1. WILLIAM A. BABLITCH, J. Juneau County (County) seeks review of a decision of the court of appeals which held that the County was not immune from suit for alleged negligence in repairing the shoulder of a highway. John T. Morris (Morris) was injured when another vehicle traveling towards him hit a rut on the shoulder of the road, lost control, and came back over the center line striking his vehicle. Because we conclude that the general immunity given counties under Wis. Stat. § 893.80(4) is not applicable when the conditions of Wis. Stat. § 81.15 are met, as they are here, and because we conclude that the shoulder is part of the highway, we affirm the decision of the court of appeals. In addition, because we conclude that the Morrises sufficiently stated a claim in their pleadings, we need not determine whether Ms. Morris' affidavit, filed after the County's motion for summary judgment and alleging that there was also a pothole in the highway, was inconsistent with her prior deposition testimony and filed only to create a genuine issue of material fact.

¶ 2. The following facts are relevant to this appeal. On February 23, 1994, the plaintiff, Morris, was driving his vehicle westbound on State Highway 82 when a vehicle driven eastbound by Jean Williams (Williams) went out of control, crossed the center line, and hit the Morris vehicle. Mr. Morris suffered severe injuries as a result of the accident.

¶ 3. Mr. Morris and his wife, Jeanne Morris, filed a Notice of Claim with Juneau County, a municipal corporation, pursuant to Wis. Stat. § 893.80(1)(b) (1991–92),[1] alleging that Williams lost control of her car due to a drop-off (also referred to as a rut) between

---

[1] All references to Wisconsin Statutes are to the 1991–92 version unless otherwise noted.

the blacktop and the aggregate gravel shoulder of the road. The claim was based on this highway defect and the County's want of maintenance or repair. The County denied the claim and served a notice of disallowance on the plaintiffs.

¶ 4. The Morrises then filed a Summons and Complaint against the County and its insurance company, alleging that the collision between Morris and Williams occurred in part due to a highway defect resulting from a want of maintenance or repair by Juneau County. Because the dispute with Williams was settled out-of-court, the subject of the action against the County was the apportionment of the County's negligence contributing to Morris' injury. Mr. Morris requested damages for his medical expenses, pain and suffering, loss of enjoyment of life, permanent disability, loss of wages, and loss of future earning capacity. Ms. Morris requested damages for her medical expenses, loss of society and companionship, and loss of consortium.

¶ 5. Among other affirmative defenses, the County answered that it was immune from the plaintiffs' claims because they were based on acts that the County performed in the exercise of its discretionary powers. The County also answered, as an affirmative defense, that no damages sustained by the Morrises happened because of the insufficiency or want of repairs of the highway. The County demanded judgment dismissing the plaintiffs' complaint on its merits, with prejudice. The County later filed a motion for summary judgment.

¶ 6. In response to the County's motion for summary judgment, plaintiffs' counsel deposed several persons including William Anderson (Anderson), the Department of Transportation Area Highway Mainte-

nance Supervisor. During his deposition, Anderson presented photographs of the accident site that he had taken in July 1994, five months after Morris' accident. The photographs showed that in the approximate area where Williams lost control of her vehicle, there was a pothole on the edge of the pavement. Although Anderson did not know whether the pothole was present on the date of the accident, he testified that such a pothole could take a year to develop. Following Anderson's deposition, Ms. Morris filed an affidavit in which she stated for the first time that two days after the accident, she noticed a "big chunk of pavement broken off at the beginning of the rut."

¶ 7. The Juneau County Circuit Court, Patrick J. Taggart, Judge, granted the County's motion for summary judgment. The court determined that the County was immune from suit under Wis. Stat. § 893.80(4) because repairing the rut was a discretionary act. The court further determined that the Morrises did not have a cause of action under Wis. Stat. § 81.15 because that statute only imposes an obligation on the County to keep the traveled surface of the road in a reasonably safe condition. The circuit court stated that the shoulder of the road is not part of the traveled surface of the highway and the road was in a reasonably safe condition given the winter weather conditions. The court did not address Ms. Morris' affidavit regarding the pothole.

¶ 8. The Morrises appealed and in an unpublished decision,[2] the court of appeals reversed the circuit court's judgment granting the County's motion for summary judgment. The court of appeals determined that if Wis. Stat. § 81.15 is otherwise applicable the County is liable under § 81.15 for insufficiency or

---

[2] *Morris v. Juneau County*, No. 96–2507, unpublished slip op. (Wis. Ct. App. May 1, 1997).

want of repairs of a highway, regardless of whether the acts were discretionary under Wis. Stat. § 893.80(4). The court of appeals further concluded that the shoulder of the highway is within the meaning of the term "highway" used in § 81.15. Finally, the court of appeals determined that there was no basis for the County's assertion that Ms. Morris submitted her affidavit, which stated that there was a pothole in the highway, in bad faith. The court of appeals reversed the circuit court's judgment because it concluded that the case presented disputed issues of material fact, thus making a grant of summary judgment inappropriate.

¶ 9. This court granted the County's petition for review, and we address the two primary issues presented by this case: 1) whether governmental immunity under Wis. Stat. § 893.80(4) applies to an actionable claim under Wis. Stat. § 81.15; and 2) whether the term "highway" includes the shoulder adjacent to the paved portion of the highway as the term "highway" is used in § 81.15. We hold that if a plaintiff states an actionable claim under § 81.15, the governmental immunity provisions of § 893.80(4) do not apply. Therefore, because the Morrises stated an actionable claim under § 81.15, we need not determine whether the County's duties were discretionary or ministerial under § 893.80(4). We also hold that the definition of "highway" includes the shoulder of the highway. Because we conclude that the plaintiffs sufficiently stated a claim in their pleadings, we need not determine whether Ms. Morris' affidavit, alleging that there was also a pothole in the highway, was inconsistent with her prior deposition testimony and filed only to create a genuine issue of material fact. Accordingly, we affirm the court of appeals' decision.

¶ 10. On appeal, this court applies the same summary judgment methodology as applied by the circuit court. *See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). A circuit court properly grants summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Wis. Stat. § 802.08(2). The party moving for summary judgment has the burden of proving that there is no genuine issue of material fact. *See Grams v. Boss*, 97 Wis. 2d 332, 338, 294 N.W.2d 473 (1980). Inferences should be drawn in the light most favorable to the non-moving party. *See id.* at 339. Whether the moving party in this case, the County, is entitled to judgment as a matter of law depends on our interpretation of Wis. Stat. §§ 81.15 and 893.80(4).

¶ 11. The first issue presented by this case, whether governmental immunity under Wis. Stat. § 893.80(4) applies to an actionable claim under Wis. Stat. § 81.15, requires that we interpret both statutes and their relationship. A question of statutory interpretation is a question of law that we review de novo. *See Colby v. Columbia County*, 202 Wis. 2d 342, 349, 550 N.W.2d 124 (1996) (citing *Pufahl v. Williams*, 179 Wis. 2d 104, 107, 506 N.W.2d 747 (1993)). The main goal of statutory interpretation is to discern the intent of the legislature. *See State v. Rosenburg*, 208 Wis. 2d 191, 194, 560 N.W.2d 266 (1997) (citing *Scott v. First State Ins. Co.*, 155 Wis. 2d 608, 612, 456 N.W.2d 152 (1990)). "We ascertain legislative intent by examining the language of the statute, as well as its scope, history,

context, subject matter, and purpose." *Rosenburg*, 208 Wis. 2d at 194 (citing *Scott*, 155 Wis. 2d at 612). When there is an inconsistency between statutes, we must reconcile them without nullifying either statute and in a way which gives effect to legislative intent. *See Colby*, 202 Wis. 2d at 349 (citing *Phillips v. Wisconsin Personnel Comm'n*, 167 Wis. 2d 205, 217, 482 N.W.2d 121 (Ct. App. 1992)).

¶ 12. The language of Wis. Stat. § 81.15 (reprinted in full below)[3] provides in pertinent part that the "claim for damages shall be against the county" for "damages [that] happen by reason of the insufficiency or want of repairs of a highway which any county. . .is bound to keep in repair. . . ." Wisconsin Stat. § 893.80(4) (reprinted in full below)[4] provides in

---

[3] Wisconsin Stat. § 81.15 provides:

81.15 **Damages caused by highway defects; liability of town and county.** If damages happen to any person or his or her property by reason of the insufficiency or want of repairs of any highway which any town, city or village is bound to keep in repair, the person sustaining the damages has a right to recover the damages from the town, city or village. If the damages happen by reason of the insufficiency or want of repairs of a highway which any county by law or by agreement with any town, city or village is bound to keep in repair, or which occupies any land owned and controlled by the county, the county is liable for the damages and the claim for damages shall be against the county. . . . The amount recoverable by any person for any damages so sustained shall not exceed $50,000. The procedures under s. 893.80 shall apply to the commencement of actions brought under this section. No action may be maintained to recover damages for injuries sustained by reason of an accumulation of snow or ice upon any bridge or highway, unless the accumulation existed for 3 weeks.

[4] Wisconsin Stat. § 893.80(4) provides:

(4) No suit may be brought against any volunteer fire company organized under ch. 213, political corporation, governmental subdivision or any agency thereof for the intentional torts of its officers,

pertinent part that "[n]o suit may be brought against any...political corporation...for the intentional torts of its officers, officials, agents or employes nor may any suit be brought against such corporation...for acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions."

¶ 13. The County argues that the plain language of Wis. Stat. § 893.80(4) confers governmental immunity for discretionary acts in all suits and that nothing precludes application of immunity for alleged violations of Wis. Stat. § 81.15. We disagree. The plain language of these statutes is seemingly in conflict. On one hand, if a plaintiff alleges insufficiency or want of repairs of a highway, § 81.15 provides that a claim for damages shall be against the County. *See* Wis. Stat. § 81.15. On the other hand, § 893.80(4) provides that the governmental entity is immune from suit if the acts of the governmental entity are within the entity's discretionary functions. *See Lifer v. Raymond*, 80 Wis. 2d 503, 511–12, 259 N.W.2d 537 (1977).

¶ 14. Our task is to harmonize these statutes, giving effect to both, if possible. We do so by concluding that Wis. Stat. § 81.15 provides an exception to the general grant of immunity under Wis. Stat. § 893.80(4). Accordingly, if a plaintiff's injuries occurred by reason of insufficiency or want of repairs of any highway, a governmental entity is not afforded governmental immunity under § 893.80(4). We reach this conclusion by examining legislative history and case law interpreting these statutes.

---

officials, agents or employes nor may any suit be brought against such corporation, subdivision or agency or volunteer fire company or against its officers, officials, agents or employes for acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions.

¶ 15. Wisconsin Stat. § 81.15 was included in the first publication of Wisconsin statutes as R.S. 1849, ch. 16, § 103. At the time, common law governmental immunity was the rule, and § 81.15 was the legislative exception, imposing liability for damages caused by insufficiency or want of repairs of any highway. *See Holytz v. Milwaukee*, 17 Wis. 2d 26, 36, 40, 115 N.W.2d 618 (1962).

¶ 16. In 1962 with the *Holytz* decision, this court completely abrogated common law governmental immunity, applying the abrogation broadly to torts, whether by commission or omission. *See id.* at 39. "[T]he rule is liability—the exception is immunity." *Id.* However, "[t]his decision is not to be interpreted as imposing liability on a governmental body in the exercise of its legislative or judicial or quasi-legislative or quasi-judicial functions." *Id.* at 40 (citing *Hargrove v. Cocoa Beach*, 96 So. 2d 130, 133 (Fla. 1957)).

¶ 17. The legislature was quick to respond to the abrogation of governmental immunity in *Holytz* by creating Wis. Stat. § 331.43 (1963) (now Wis. Stat. § 893.80).[5] *See* ch. 198, Laws of 1963. The statute included a subsection regarding governmental immunity: "No suit shall be brought against any political corporation. . .for the intentional torts of its officers, officials, agents or employes nor shall any suit be brought against such. . .corporation. . .for acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions." § 331.43(3) (1963). Acts done in the exercise of legislative, quasi-legislative, judicial

---

[5] Wisconsin Stat. § 331.43 (1963) was renumbered as Wis. Stat. § 895.43, *see* § 2, ch. 66, Laws of 1965, and was again renumbered to its present location at Wis. Stat. § 893.80, *see* § 29, ch. 323, Laws of 1979.

or quasi-judicial functions refer to discretionary acts. *See Lifer*, 80 Wis. 2d at 512.

¶ 18. In the same year that the legislature created Wis. Stat. § 331.43 (1963), the legislature also amended Wis. Stat. § 81.15. The amendments to § 81.15 provided that a plaintiff had to provide notice to a governmental entity within 120 days of the event causing injury and increased the damage limit to $25,000. *See* ch. 435, Laws of 1963. The time frame for notice and damage limit amount mirrored the provisions in the newly created § 331.43 (1963). Significantly, the legislature did not abolish the exception to governmental immunity provided by § 81.15.

¶ 19. In discussing the relationship between Wis. Stat. §§ 81.15 and 895.43 (previously Wis. Stat. § 331.43 and now Wis. Stat. § 893.80), this court called for the legislature to repeal § 81.15.

> Neither sec. 81.15 nor sec. 895.43 create liability but rather provide the procedure to prosecute a claim for negligence. If the city is negligent, one or the other of the sections must be followed depending upon the type of negligence involved. . . . Apparently a material difference in these sections is the fact that sec. 895.43 makes provision for actual notice while sec. 81.15 does not. . . . . A lot of confusion in the practice would be avoided if the legislature would repeal sec. 81.15, which is no longer needed since our decision in *Holytz v. Milwaukee*, (1962), 17 Wis. 2d 26, 115 N.W.2d 618, and the amendment to sec. 895.43.

*Schwartz v. Milwaukee*, 43 Wis. 2d 119, 123, 168 N.W.2d 107 (1969) (*Schwartz I*). *See also Schwartz v. Milwaukee*, 54 Wis. 2d 286, 288–89, 195 N.W.2d 480 (1972) (*Schwartz II*) ("Sec. 895.43 covers some of the same ground covered by sec. 81.15, and we pointed out

in *Schwartz v. Milwaukee, supra,* sec. 81.15 might as well be repealed by the legislature since its purported language creating a cause of action has been supplanted by *Holytz v. Milwaukee,* (1962), 17 Wis. 2d 26, 115 N.W.2d 618.").

¶ 20. Despite this court's repeated clear suggestion to the legislature to repeal Wis. Stat. § 81.15, the legislature declined to do so. Rather, in 1977, the legislature made sweeping changes to the notice provisions for various governmental entities by combining the notice requirements into Wis. Stat. § 895.43 (1978) (now Wis. Stat. § 893.80). *See* ch. 285, Laws of 1977. The act, published on May 8, 1978 and effective on November 8, 1978, deleted all notice requirements from Wis. Stat. § 81.15 but added the following sentence to that statute: "The procedures under s. 895.43 shall apply to the commencement of actions brought under this section." § 5, ch. 285, Laws of 1977. The act also repealed and recreated § 895.43 (now § 893.80). *See* § 11, ch. 285, Laws of 1977. The Prefatory Note to the statute recognized that several statutes at the time contained "a variety of procedural steps to follow when bringing a claim against a county, town, city, school district or other municipality. This bill consolidates these procedures. . .and makes them uniform. . . ." Prefatory Note, ch. 285, Laws of 1977. In the recreation of Wis. Stat. § 895.43 (1978), the legislature continued the governmental immunity provision for discretionary acts first enacted as part of Wis. Stat. § 331.43 (1963). However, and again significantly, the legislature did not abolish the exception to governmental immunity provided by § 81.15.

¶ 21. When discerning legislative intent, we assume that the legislature knew the law in effect at the time it enacted the statute in question. *See Rosen-*

*burg,* 208 Wis. 2d at 194–95 (citing *Milwaukee v. Kilgore,* 193 Wis. 2d 168, 183, 532 N.W.2d 690 (1995)). We need not depend on an assumption in this instance, however, because here we know that when the legislature enacted Wis. Stat. § 331.43 (1963), the predecessor to Wis. Stat. § 893.80, it was aware of Wis. Stat. § 81.15. The legislature amended the two statutes in the same year, *see* ch. 198 and ch. 435, Laws of 1963, and in the same act. *See* §§ 5 and 11, ch. 285, Laws of 1977; and ch. 63, Laws of 1981. Despite a seeming inconsistency between §§ 81.15 and 893.80, the legislature continued to keep them both on the books.

¶ 22. We also presume that when the legislature repealed and recreated Wis. Stat. § 895.43 (now Wis. Stat. § 893.80) in ch. 285, Laws of 1977 to consolidate the notice provisions of several statutes, including Wis. Stat. § 81.15, the legislature was aware of our prior decisions regarding these two statutes and our suggestion that § 81.15 be repealed. *See Schwartz I,* 43 Wis. 2d at 123; *Schwartz II,* 54 Wis. 2d at 288–89. Because the legislature clearly had several opportunities to respond to this court's suggestions but nonetheless acquiesced in our decisions or refused to amend or repeal § 81.15, we conclude that the legislature intended to keep in force the exception to governmental immunity provided by § 81.15. We can derive no other conclusion for the legislature's failure to abolish § 81.15. Were we to reach the opposite conclusion we would make a nullity of § 81.15. By the legislative action outlined above, the legislature did not intend that § 81.15 be a nullity.

██

¶ 23. Because the legislature continued to breathe life into a statute which this court stated was "no longer needed," we must now give the statute

effect. We do so by turning to the rule of statutory interpretation that a specific statute takes precedence over a general statute. *See Kilgore*, 193 Wis. 2d at 185. "[Section] 81.15, Stats., only applies to a small area of negligent conduct by a municipality and in this area does not necessarily cover all the negligence which might relate to highways." *Schwartz I*, 43 Wis. 2d at 122–23. Wisconsin Stat. § 81.15 specifically applies to damages caused by the insufficiency or want of repairs of any highway. Wisconsin Stat. § 893.80(4) generally grants immunity for the intentional acts of its officers, officials, agents or employees or for the exercise of its discretionary functions. Therefore, since § 81.15 is specific and § 893.80(4) is general, § 81.15 takes precedence over § 893.80(4). To reconcile these statutes and give them both effect, we conclude that § 81.15 provides an exception to the general grant of immunity found in § 893.80(4).

¶ 24. To support its argument that it is immune from suit, the County argues that Wis. Stat. § 893.80(4), providing governmental immunity, must be read in conjunction with Wis. Stat. § 893.80(5) (reprinted below)[6] which provides that § 893.80 is exclusive and applies to all claims unless rights or remedies are provided by another statute. The County asserts that case law provides that no rights or reme-

------

[6] Wisconsin Stat. § 893.80(5) provides in pertinent part:

(5) Except as provided in this subsection, the provisions and limitations of this section shall be exclusive and shall apply to all claims against. . .political corporation, governmental subdivision. . . . When rights or remedies are provided by any other statute against any political corporation, governmental subdivision or agency. . .for injury, damage or death, such statute shall apply and the limitations in sub. (3) shall be inapplicable.

dies are provided under Wis. Stat. § 81.15. *See, e.g., Schwartz II*, 54 Wis. 2d at 289.

¶ 25. We are not persuaded by the County's interpretation of Wis. Stat. § 893.80. First, the language of Wis. Stat. § 81.15 does provide rights or remedies for parties injured "by reason of the insufficiency or want of repairs of any highway. . . ." § 81.15. The statute provides that "the claim for damages shall be against the county." § 81.15. We recognize that in both *Schwartz I* and *Schwartz II*, this court stated that § 81.15 does not create liability but only provides "the procedure to prosecute a claim for negligence. . . ." *Schwartz II*, 54 Wis. 2d at 289. At the time of these cases, however, liability for highway defects existed in the absence of § 81.15 because of the abrogation of common law immunity in *Holytz*. *See Dunwiddie v. Rock County*, 28 Wis. 2d 568, 573, 137 N.W.2d 388 (1965). As we noted in *Schwartz II*, the language of § 81.15 "purported[ly]. . .creating a cause of action has been supplanted by *Holytz*. . . ." *Schwartz II*, 54 Wis. 2d at 288–89.

¶ 26. However, when the legislature stripped Wis. Stat. § 81.15 of all procedures, it left the rights and remedies for injuries caused by the insufficiency or want of repairs of any highway. *See* ch. 285, Laws of 1977. The legislature specified that parties must follow the procedures in Wis. Stat. § 893.80 to commence an action under § 81.15 but did not abolish the rights and remedies of § 81.15. Accordingly, we must conclude from the above that § 81.15 does create rights or remedies—the right to recover damages from a county negligent in its insufficiency or want of repairs of any highway.

¶ 27. In sum, we conclude that if a plaintiff's injuries occurred by reason of insufficiency or want of repairs of any highway, that is, the plaintiff states an actionable claim under Wis. Stat. § 81.15, a governmental entity is not afforded immunity under Wis. Stat. § 893.80(4).

¶ 28. We now turn to the second issue presented by this case: whether the term "highway" includes the shoulder adjacent to the paved portion of the highway as the term "highway" is used in Wis. Stat. § 81.15. The County argues that the shoulder is not part of the highway by relying on this court's statement in *Weiss v. Milwaukee,* 79 Wis. 2d 213, 255 N.W.2d 496 (1977) that § 81.15 "has been interpreted to refer to physical defects existing on the *traveled surface* of the highway. . . ." *Weiss,* 79 Wis. 2d at 225 (emphasis added). However, later in the *Weiss* decision this court, like the court of appeals in this case, correctly relied on the statutory definition of "highway" found in Wisconsin's Vehicle Code at Wis. Stat. § 340.01(22) to conclude that "highway" as used in § 81.15 includes the shoulder.

¶ 29. This court has previously relied on Wis. Stat. § 340.01(22) for the statutory definition of "highway." *See Weiss,* 79 Wis. 2d at 232. The court distinguished "highway" from "roadway:" "West Mill Road and the two closely proximated frontage roads comprised a highway (footnote quoting the definition of highway in § 340.01(22)) consisting of three separate and parallel roadways (footnote quoting the definition of roadway in Wis. Stat. § 340.01(54))." *Id.* The term "highway" "includes the entire width between the boundary lines of every way open to the use of the public as a matter of right for the purposes of vehicular travel." § 340.01(22). In contrast, "roadway" is defined

as "that portion of a highway between the regularly established curb lines or that portion which is improved, designed or ordinarily used for vehicular travel, excluding the berm or shoulder." § 340.01(54). The distinction between the definition of "highway" and "roadway" emphasizes that "highway" includes the shoulder of the highway.

¶ 30. Neither the court in *Weiss* nor the court of appeals in this case was embarking on new territory by using the definition of "highway" in Wis. Stat. § 340.01(22) to interpret a statute in another chapter of the statutes. For example, in *Weiss v. Holman*, 58 Wis. 2d 608, 619, 207 N.W.2d 660 (1973), the court used the definition of "highway" in § 340.01(22) to interpret Wis. Stat. § 182.017(2) (1973) regarding the duties of public utilities in placing power poles. *See Holman*, 58 Wis. 2d at 618–19. Relying on the doctrine of *in pari materia*, the court reasoned that it could rely on § 340.01(22) because both the Vehicle Code and § 182.017(2) are concerned with public safety. *See also In Interest of E.J.H.*, 112 Wis. 2d 439, 442, 334 N.W.2d 77 (1983) (relying on § 340.01(22) to determine that the grassy portion next to the shoulder of the pavement is part of the highway, thereby concluding that a juvenile was properly adjudged delinquent for driving without a license when she drove on this grassy area.); *Panzer v. Hesse*, 249 Wis. 340, 346, 24 N.W.2d 613 (1946) (concluding that the term "highway" as used in Wis. Stat. § 85.44(6) (1946) which required pedestrians to walk on the left side of the highway when there is no sidewalk, refers to the portions of the highway open to use by vehicular traffic including the gravel shoulder.); and *Poyer v. State*, 240 Wis. 337, 340, 3 N.W.2d 369 (1942) (relying on § 340.01(22) in a dispute regarding the public or private nature of an alley and concluding that the

area adjacent to the paved roadway is part of the highway because "[v]ehicles may use this for the purpose of making turns and other maneuvers incident to the use of the roadway. . . .").

¶ 31. The County argues that by relying on the definition of "highway" in Wis. Stat. § 340.01(22) the court of appeals ignored decades of decisions by this court which defined "highway" as the traveled surface of the road. We disagree. As early as 1872, this court determined that Wis. Stat. § 81.15 applied not only to the traveled part of the highway but also to the area "so connected with [the highway] as to affect the safety or convenience of those using the traveled path. . . ." *Wheeler v. Town of Westport*, 30 Wis. 392, 403 (1872) (citations omitted). In *Wheeler*, boulders next to the traveled path "were connected with it, and so closely as to make it almost true that they formed a part of it." *Id. See also McChesney v. Dane County*, 171 Wis. 234, 237, 177 N.W. 12 (1920); *Meidenbauer v. Pewaukee*, 162 Wis. 326, 331–332, 156 N.W. 144 (1916). Reliance on the definition of highway in § 340.01(22) is consistent with the construction of the term "highway" as used in § 81.15 for over 120 years.

¶ 32. We conclude that the area adjacent to the paved portion of the highway, commonly known as the shoulder, is part of the highway as that term is used in Wis. Stat. § 81.15. Because the County does not dispute that the rut is an insufficiency or want of repair and because the rut is in part of the highway, we conclude that the plaintiffs have stated an actionable claim under § 81.15. Accordingly, governmental immunity is not available to the County.

¶ 33. In sum, we conclude that if a plaintiff states an actionable claim under Wis. Stat. § 81.15, the governmental immunity provisions of Wis. Stat. § 893.80(4) do not apply. Therefore, because the Morrises stated an actionable claim under § 81.15, we need not determine whether the County's duties were discretionary or ministerial. We also hold that the definition of "highway" in Wis. Stat. § 340.01(22) appropriately applies to § 81.15 and includes the shoulder of the highway. Accordingly, we conclude that the Morrises did state an actionable claim under § 81.15 and therefore, summary judgment was inappropriate.

¶ 34. Regarding Ms. Morris's affidavit, filed several months after the County moved for summary judgment, we need not determine whether such affidavit should be permitted to preclude summary judgment. Because we conclude that the Morrises stated an actionable claim under Wis. Stat. § 81.15 without consideration of Ms. Morris' affidavit, we need not determine this issue.

¶ 35. Several months after the County filed its motion for summary judgment, Ms. Morris filed an affidavit in which she stated for the first time that she saw a chunk of broken-off pavement at the scene of the accident two days after the accident. The County argues that by filing this late affidavit Ms. Morris was only attempting to create a genuine issue of material fact and thereby survive the County's summary judgment motion. The County asserts that her affidavit was inconsistent with her prior deposition testimony in which the only highway defect she mentioned was the rut in the shoulder. The County urges this court to adopt the position of the Seventh Circuit Court of Appeals that "[p]arties cannot thwart the purpose of

[Federal] Rule [of Civil Procedure] 56 [similar to Wis. Stat. § 802.08(2)] by creating issues of fact through affidavits that contradict their own depositions." *Miller v. A.H. Robins Co., Inc.*, 766 F.2d 1102, 1104 (7th Cir. 1985) (citing *Perma Research and Development v. Singer Co.*, 410 F.2d 572, 577–78 (2nd Cir. 1969)).

■■■

¶ 36. This court is, of course, the proper forum for determining the issue of whether a party can submit an affidavit that is inconsistent with prior deposition testimony in response to a motion for summary judgment. *Cf. Wolski v. Wilson*, 174 Wis. 2d 533, 540–41, 497 N.W.2d 794 (Ct. App. 1993). However, this case does not require that we decide this issue. The plaintiff's pleadings, depositions, and answers to interrogatories create a genuine issue of material fact even without considering Ms. Morris' affidavit submitted after the County's motion for summary judgment. Therefore, we need not decide whether her affidavit and deposition testimony are contradictory. The Morrises' claims survive the County's motion for summary judgment without consideration of Ms. Morris's later affidavit.

*By the Court.*—The decision of the court of appeals is affirmed.