GRINNELL MUTUAL REINSURANCE COMPANY, Plaintiff-Respondent,

Anne BEARD, Involuntary-Plaintiff-Respondent,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Respondent,

DANE COUNTY, Defendant-Appellant.

Court of Appeals

*No. 03–1415. Submitted on briefs November 11, 2003.—
Decided January 29, 2004.*

**2004 WI App 32**

(Also reported in 676 N.W.2d 573.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *John M. Moore* and *Sheila M. Sullivan, Bell, Gierhart & Moore, S.C.*, Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Brad A. Markvart, Winner, Wixson & Pernitz*, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *John R. Shull, Jr., Terwilliger, Wakeen, Piehler & Conway, S.C.*, Wausau.

Before Deininger, P.J., Vergeront and Higginbotham, JJ.

¶ 1. VERGERONT, J. The dispositive issue on this appeal is whether WIS. STAT. § 81.15 (2001–02),[1] which addresses governmental liability for highway defects, applies to a county that has a contract with the state to maintain a state highway. We conclude the statutory language "a highway which any county by law or by agreement with any town, city or village is bound to keep in repair," § 81.15, does not apply in this case, where Dane County was obligated by contract with the state to maintain the state highway that was allegedly defective. Because § 81.15 does not apply to Dane County in this case and because § 81.15 is an exception to the general immunity for discretionary acts under WIS. STAT. § 893.80(4), the trial court erred in denying Dane County's motion for summary judgment on the ground of immunity under § 893.80(4). Therefore, we reverse the trial court's order denying Dane County's motion for summary judgment and remand with directions to grant summary judgment in Dane County's favor and dismiss the complaint against it.

## BACKGROUND

¶ 2. Anne Beard was injured in an accident that occurred on Highway 12 in Dane County. It is undisputed that Highway 12 is a state-owned highway, which Dane County maintains under a contract with the state.

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

It is also undisputed that shortly before the accident occurred on December 7, 2001, the Dane County highway maintenance crew applied an anti-icing agent, magnesium chloride, to the area on the highway where the accident occurred.

¶ 3. Beard and her insurer, Grinnell Mutual Reinsurance Company, sued Dane County as well as the other driver's insurer, State Farm Mutual Automobile Insurance Company. The complaint alleged that Dane County was negligent in applying the deicing agent because that caused the highway to become slick and unsafe and contributed to the cause of the accident. State Farm cross-claimed against Dane County making these same allegations of negligence.

¶ 4. Dane County moved for summary judgment dismissing both the complaint and the cross-claim. The County asserted that the decision to apply the deicing agent was a discretionary one, and therefore it was immune from suit under WIS. STAT. § 893.80(4).[2] The plaintiffs and State Farm both opposed the motion, asserting that *Morris v. Juneau County*, 219 Wis. 2d 543, 579 N.W.2d 690 (1998), established that WIS. STAT.

---

[2] WISCONSIN STAT. § 893.80(4) provides:

> **(4)** No suit may be brought against any volunteer fire company organized under ch. 213, political corporation, governmental subdivision or any agency thereof for the intentional torts of its officers, officials, agents or employees nor may any suit be brought against such corporation, subdivision or agency or volunteer fire company or against its officers, officials, agents or employees for acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions.

Acts "done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions" as used in this statute are referred to as discretionary acts. *Morris v. Juneau County*, 219 Wis. 2d 543, 553–54, 579 N.W.2d 690 (1998).

§ 81.15 was an exception to immunity under § 893.80(4). The relevant portion of § 81.15 states:[3]

> **Damages caused by highway defects; liability of town and county . . . .** If the damages happen by reason of the insufficiency or want of repairs of a highway which any county by law or by agreement with any town, city or village is bound to keep in repair, or which occupies any land owned and controlled by the county, the county is liable for the damages and the claim for damages shall be against the county.

In reply, the County contended that § 81.15 plainly did not apply because the County's agreement to maintain

[3] WISCONSIN STAT. § 81.15 provides in full:

> **Damages caused by highway defects; liability of town and county.** If damages happen to any person or his or her property by reason of the insufficiency or want of repairs of any highway which any town, city or village is bound to keep in repair, the person sustaining the damages has a right to recover the damages from the town, city or village. If the damages happen by reason of the insufficiency or want of repairs of a highway which any county by law or by agreement with any town, city or village is bound to keep in repair, or which occupies any land owned and controlled by the county, the county is liable for the damages and the claim for damages shall be against the county. If the damages happen by reason of the insufficiency or want of repairs of a bridge erected or maintained at the expense of 2 or more towns the action shall be brought against all the towns liable for the repairs of the bridge and upon recovery of judgment the damages and costs shall be paid by the towns in the proportion in which they are liable for the repairs; and the court may direct the judgment to be collected from each town for its proportion only. The amount recoverable by any person for any damages so sustained shall not exceed $50,000. The procedures under s. 893.80 shall apply to the commencement of actions brought under this section. No action may be maintained to recover damages for injuries sustained by reason of an accumulation of snow or ice upon any bridge or highway, unless the accumulation existed for 3 weeks.

Highway 12 was with the state, not a town, city, or village, and, the County asserted, *Morris* did not hold otherwise.

¶ 5. The trial court concluded that *Morris* held Wis. Stat. § 81.15 was an exception to immunity under Wis. Stat. § 893.80(4), and that under *Morris* § 81.15 applies in this case. The court also concluded that it was a jury question whether the condition of the highway as a result of the use of the anti-icing agent was an "insufficiency" within the meaning of § 81.15.

¶ 6. On this appeal Dane County challenges both the trial court's determination that Wis. Stat. § 81.15 applies to a county under contract with the state to maintain a state highway and its conclusion that there was a jury question whether the condition of the highway as a result of the use of the anti-icing agent was an "insufficiency" within the meaning of § 81.15. Our conclusion on the first issue makes it unnecessary to address the second.

## DISCUSSION

■

¶ 7. We review the grant of summary judgment de novo, applying the same analysis as did the trial court. *Strasser v. Transtech Mobile Fleet Serv., Inc.*, 2000 WI 87, ¶¶ 28, 30, 236 Wis. 2d 435, 613 N.W.2d 142. Summary judgment is proper when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. Wis. Stat. § 802.08(2).

■

¶ 8. The parties agree there are no factual disputes on the question whether Wis. Stat. § 81.15 applies to a county that maintains the state highway where the accident occurred under a contract with the state. The

issue is one of statutory construction, a question of law, which we review de novo. *Morris*, 219 Wis. 2d at 550.

¶ 9. In construing a statute, our goal is to ascertain the intent of the legislature. *State v. Setagord*, 211 Wis. 2d 397, 406, 565 N.W.2d 506 (1997). We begin with the language of the statute and if it clearly sets forth the legislature's intent, we apply that language to the facts. *Id.* The County contends that Wis. Stat. § 81.15 plainly does not apply to the situations when a county has an agreement with the state to maintain a state-owned highway, because in this situation the county is neither bound "by law [nor] by agreement with any town, city or village . . . to keep [that highway] in repair." State Farm and Grinnell argue, and the trial court agreed, that the supreme court in *Morris* resolved this issue against Dane County. Of course, if *Morris* did decide this issue, then we are obligated to follow it, regardless of what arguments Dane County might present. *Cook v. Cook*, 208 Wis. 2d 166, 189, 560 N.W.2d 246 (1997). We therefore turn first to a discussion of *Morris*.

¶ 10. In *Morris*, the accident occurred on a state highway. 219 Wis. 2d at 546. The injured party sued Juneau County, alleging the driver lost control of her car due to a drop-off between the blacktop and the aggregate gravel shoulder, and Juneau County was liable because it had failed to maintain or repair the highway. *Id.* at 546–47. As the supreme court explained the proceedings below, Juneau County asserted it was immune from suit because the claim was based on discretionary acts, and the trial court agreed the county was immune from suit under Wis. Stat. § 893.80(4). *Id.* at 547–48. This court reversed, holding that if Wis. Stat. § 81.15 is otherwise applicable, Juneau County was

liable under § 81.15 for insufficiency or want of repairs of a highway regardless of whether the acts were discretionary under § 893.80(4). *Id.* at 548–49. The supreme court accepted Juneau County's petition for review. *Id.* at 549. The supreme court identified the issue before it as: "whether governmental immunity under Wis. Stat. § 893.80(4) applies to an actionable claim under Wis. Stat. § 81.15." *Id.*[4] The court expressed its holding as: "We hold that if a plaintiff states an actionable claim under § 81.15, the governmental immunity provisions of § 893.80(4) do not apply. Therefore, because the [plaintiffs] stated an actionable claim under § 81.15, we need not determine whether the County's duties were discretionary or ministerial under § 893.80(4)." *Id.*

¶ 11. In arriving at that conclusion, the court made the following analysis. WISCONSIN STAT. § 81.15 was enacted as a legislative exception to the then-existing common law rule of governmental immunity. *Id.* at 553. When *Holytz v. Milwaukee*, 17 Wis. 2d 26, 115 N.W.2d 618 (1962), abrogated that common law immunity, the legislature responded by providing legislatively for governmental immunity in the predecessor to WIS. STAT. § 893.80. *Morris*, 219 Wis. 2d at 553. However, the legislature never repealed § 81.15 and instead made various modifications to it over the years. *Id.* at 554–56. This demonstrates the legislature's intent that § 81.15 is an exception to the general grant of immunity in § 893.80(4). *Id.* at 556.

---

[4] A second issue in *Morris* concerning WIS. STAT. § 81.15 is not relevant to this appeal: whether the term "highway" includes the shoulder adjacent to the paved portion of the highway. 219 Wis. 2d at 549.

¶ 12. State Farm concedes that the supreme court in *Morris* did not expressly decide that Wis. Stat. § 81.15 applies to a county that is under a contract to repair a state highway. However, State Farm argues, the supreme court implicitly did so. State Farm and Grinnell, as did the trial court, rely on language in *Morris* that, when read in isolation, suggests that under § 81.15 any county is liable for the failure to maintain or repair any highway. For example, in contrasting the specific nature of § 81.15 with the more general nature of Wis. Stat. § 893.80(4), the supreme court stated: "Wisconsin Stat. § 81.15 specifically applies to damages caused by the insufficiency or want of repairs of any highway. Wisconsin Stat. § 893.80(4) generally grants immunity for the intentional acts of its officers, officials, agents or employees or for the exercise of discretionary functions." *Id.* at 557. However, we do not read the first quoted sentence as a conclusion that § 81.15 applies to the insufficiency or want of repair of any highway, but a shorthand method of describing § 81.15 as compared to § 893.80(4).

¶ 13. Similarly, in rejecting Juneau County's argument that Wis. Stat. § 81.15 does not provide any rights or remedies (which was relevant to Juneau County's argument based on § 893.80(5)),[5] the supreme

---

[5] Wisconsin Stat. § 893.80(5) provides:

(5) Except as provided in this subsection, the provisions and limitations of this section shall be exclusive and shall apply to all claims against a volunteer fire company organized under ch. 213, political corporation, governmental subdivision or agency or against any officer, official, agent or employee thereof for acts done in an official capacity or the course of his or her agency or employment. When rights or remedies are provided by any other statute against any political corporation, governmental subdivision or agency or any officer, official, agent or employee thereof for

court quoted from § 81.15 using an ellipsis.[6] *Id.* at 558. It then later used that shorthand version of the statute without quotes in the context of explaining its conclusion on the argument made by Juneau County: "Accordingly, we must conclude from the above that § 81.15 does create rights or remedies—the right to recover damages from a county negligent in its insufficiency or want of repairs of any highway."[7] *Id.*

¶ 14. We acknowledge that the phrasing in the *Morris* passages relied on by respondents and the trial court are ambiguous when read in isolation. However, when we read them in context, we are satisfied they do not constitute an implicit decision that a county may be liable under Wis. Stat. § 81.15 even if its obligation to maintain a highway derives from a contract with the state rather than with the municipalities specifically listed in the statute. First, there is no mention in the body of the opinion of the statutory language the supreme court is said to be implicitly construing. Indeed, when the court quotes from § 81.15 in the text of

---

injury, damage or death, such statute shall apply and the limitations in sub. (3) shall be inapplicable.

[6] "First the language of Wis. Stat. § 81.15 does provide rights or remedies for parties injured 'by reason of the insufficiency or want of repairs of any highway . . . .' § 81.15." *Morris,* 219 Wis. 2d at 558.

[7] Yet another example is the supreme court's conclusion: "In sum, we conclude that if a plaintiff's injuries occurred by reason of insufficiency or want of repairs of any highway, that is, the plaintiff states an actionable claim under Wis. Stat. § 81.15, a governmental entity is not afforded immunity under Wis. Stat. § 893.80(4)." *Id.* at 559. This sentence contains even broader language because it specifies no governmental entity and could therefore arguably apply to the state, which Wis. Stat. § 81.15 clearly does not do.

its opinion, it places an ellipsis after "county" and before "is bound," *id.* at 551, presumably because the intervening language is not important to its discussion of the statute's relationship to WIS. STAT. § 893.80(4). And, as we have indicated above, the court uses this shorthand reference to the statute throughout the decision. Second, the facts as the supreme court relates them do not include an explanation of the source of Juneau County's obligation to maintain or repair the state highway, an indication this fact is not important to its decision. Third, nowhere in the decision is there an indication that Juneau County was taking the position that § 81.15 did not apply to it because it was under contract with the state to maintain a state highway.[8] Fourth, nowhere in the decision does the court discuss its prior decisions that have addressed this issue.

¶ 15. We conclude the supreme court in *Morris* did not decide the issue whether WIS. STAT. § 81.15 applies to a county under contract with the state to maintain a state highway. We therefore take up that issue for decision.

---

[8] State Farm points to Juneau County's brief filed in the supreme court in *Morris* as support for its argument that the supreme court considered and rejected the argument that WIS. STAT. § 81.15 did not apply to state-owned highways a county is obligated to maintain by contract. State Farm has included in its appendix page 28 from Juneau County's brief in which Juneau County argues that § 81.15 never did apply to a county that contracted with the state to maintain a state highway, relying on *Firemen's Insurance Co. v. Washburn County*, 2 Wis. 2d 214, 220–21, 85 N.W.2d 840 (1957). However, we are not willing to infer from this page of Juneau County's brief that the supreme court decided to reject this argument in an opinion that does not even refer to the argument.

¶ 16. The language at issue is "a highway which any county by law or by agreement with any town, city or village is bound to keep in repair." Plainly, a county's agreement with the state to maintain a state highway is not an "agreement with any town, city or village." Therefore the question becomes whether such an agreement with the state constitutes being "by law . . . bound" to keep the state highway in repair. The supreme court addressed this issue in *Firemen's Insurance Co. v. Washburn County*, 2 Wis. 2d 214, 220–23, 85 N.W.2d 840 (1957), and decided to abide by prior case law holding that a county's agreement with the state to maintain a state highway did not constitute being bound "by law" within the meaning of Wis. Stat. § 81.15.

¶ 17. In *Firemen's Insurance Co.*, the accident occurred on a highway that was part of the state trunk county highway system, and Washburn County had entered into an agreement with the state to maintain and repair that highway. *Id.* at 216. The complaint alleged that Washburn County was negligent in failing to properly maintain and repair the highway. *Id.* The court framed the issue as: "Is a county, which contracts with the state highway commission pursuant to the provisions of sec. 84.07, Stats., to maintain and repair a state trunk highway, liable for its negligence in failing to property maintain and repair such highway?" *Id.* at 217 (footnote omitted). At the time of this decision, Wis. Stat. § 84.07, as it does today, required the state to maintain the state highway system at state expense but authorized the state agency to contract with a county to maintain the state trunk highways. *Compare Firemen's Ins. Co.*, 2 Wis. 2d at 217 n.1, *with* § 84.07 (2001–02).

¶ 18. In resolving this issue, the court in *Firemen's Insurance Co.* discussed the history of Wis. STAT. § 81.15 in relation to the history of legislation imposing responsibility for the maintenance and repair of state highways, as well as the relevant case law. It is important for an understanding of this history to remember that, at the time *Firemen's Insurance Co.* was decided and prior thereto, the common law rule was governmental immunity; therefore the scope of § 81.15 determined whether liability could be imposed on a governmental entity for a highway defect. *Firemen's Ins. Co.*, 2 Wis. 2d at 223.

¶ 19. As the court in *Firemen's Insurance Co.* explained, originally the duty of maintaining and repairing highways was placed on the town, and the first version of the predecessor to Wis. STAT. § 81.15 imposed liability on towns. *Id.* at 218 (citing § 103, ch. 16, R.S. 1849). This statute was subsequently amended to add that " 'in counties where the system of county highways is in force, the county shall be liable for injuries sustained on roads that have been adopted by the counties.' " *Id.* at 219 (quoting Laws of 1872, ch. 46, § 2). After a state trunk highway system was created, the legislature imposed on each county the obligation to maintain all of the state trunk system lying within its boundary, and the predecessor to § 81.15 was correspondingly amended to state that "[c]laims for damages which may be due to the insufficiency or lack of repair of the trunk system shall be against the county." *Id.* (quoting Laws of 1917, ch. 175, § 1317(5)). Then in 1931, the legislature shifted the duty of maintaining state highways from the counties to the state, with the state agency authorized to enter into contracts with the counties to maintain those highways. *Id.* at 220 (citing Laws of 1931, ch. 22, § 3). At the time of that amend-

ment, § 81.15 (1931) provided that a county was liable for damages for "insufficiency or want of repairs of [a] . . . road which any county shall have adopted as a county road or is by law bound to keep in repair." However, the legislature did not make any amendments in § 81.15 to correspond to the changes in WIS. STAT. § 84.07. *Firemen's Ins. Co.*, 2 Wis. 2d at 220. This, then, was the setting for the dispute over a county's liability in *Larsen v. Kewaunee County*, 209 Wis. 204, 244 N.W. 578 (1932).

¶ 20. In *Larsen* the county had entered into an agreement with the state, under the then-recent amendments to WIS. STAT. § 84.07, to maintain the state highway where the accident occurred. *Id.* at 205. The court rejected the plaintiff's argument that the county was "by law bound" to keep the highway in repair, reasoning that being bound by contract was not the same as being bound by law, and pointing out that it was the duty of the state under the new statutory law to maintain the state highways. *Id.* at 208. *Larsen* was followed in *Crowley v. Clark County*, 219 Wis. 76, 81, 261 N.W. 221 (1935), with that court pointing out that the legislature did not amend WIS. STAT. § 81.15 after *Larsen* to make a county liable when it had an agreement with the state to maintain a state highway. Following *Crowley*, the legislature amended § 81.15 to add the language it contains today—" 'by agreement with any town, city or village.' " *Firemen's Ins. Co.*, 2 Wis. 2d at 222 (quoting Laws of 1939, ch. 373, § 1).

¶ 21. After reviewing this history, the court in *Firemen's Insurance Co.* declined the plaintiff's request to overrule *Larsen. Id.* at 223. The court reasoned that the legislature knew of the *Larsen* and *Crowley* decisions when it added the language "by agreement with any town, city or village" and nonetheless did not

886

include reference to the state. *Id.* Therefore, the court concluded, the legislature did not wish to overrule *Larsen* and *Crowley. Id.*

¶ 22. The relevant provisions of WIS. STAT. §§ 81.15 and 84.07 have not been changed since *Firemen's Insurance Co.* was decided, and we are aware of no case that has modified or overruled that court's construction of § 81.15. Of course, for a short time after the abrogation of common law governmental immunity in *Holytz*, § 81.15 ceased to define the scope of a county's liability for highway defects, because the general common law principles of negligence did that. *Dunwiddie v. Rock County*, 28 Wis. 2d 568, 574, 137 N.W.2d 388 (1965). Thus, "in the absence of governmental immunity, either of legislative or judicial origin, a county undertaking . . . to keep a state trunk highway in repair would be liable for its failure to do so." *Id.* at 572. However, with the legislature's enactment in 1963 of governmental immunity for discretionary acts, § 81.15, as a legislative exception to that immunity, once again came to define the scope of a county's liability for highway defects. *See Morris*, 219 Wis. 2d at 553, 556–57. Under *Firemen's Insurance Co.*, that scope does not include a county that is under a contract with the state to maintain a state highway.

¶ 23. Both respondents acknowledge that if WIS. STAT. § 81.15 does not authorize suit against Dane County, then the County is immune because County personnel were engaged in discretionary acts. Therefore, because we conclude that Dane County is neither "by law" nor "by agreement with any town, city or village" bound to repair State Highway 12, Dane County has immunity under WIS. STAT. § 893.80(4) for the acts alleged in the complaint.

887

¶ 24. In summary, Dane County is entitled to summary judgment dismissing the complaint on the ground that it has immunity for discretionary acts under Wis. Stat. § 893.80(4). We reverse the order denying the motion for summary judgment and remand for the court to enter an order consistent with this opinion.

*By the Court.*—Order reversed and cause remanded with directions.